### NIXON v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Division, Second Department.   March 5, 1909.)

1. MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—"SCAFFOLD."
    Planks laid on arch beams in a building in process of construction for the use of employés to carry material are a "scaffold," within Laws 1897, p. 467, c. 415, § 18, requiring an employer to furnish safe scaffolding, and the contractor is liable for negligence in the construction thereof.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*
    For other definitions, see Words and Phrases, vol. 8, p. 7795.]

2. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—NEGLIGENCE.
    Proof that an employé at work in the erection of a building was injured by falling from a plank scaffold as he stepped on the end of one of the planks thereof, which tipped up endwise, was prima facie proof of the employer's negligence in the laying of the planks, in violation of Laws 1897, p. 467, c. 415, § 18.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 955; Dec. Dig. § 278.*]

Appeal from Trial Term, Westchester County.

Action by Chauncey Nixon, an infant, by Gerald Fitzgerald, his guardian ad litem, against the Thompson-Starrett Company.   From

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a judgment entered on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and BURR, JJ.

James J. Mahoney (M. J. Wright, on the brief), for appellant.

Winfield L. Morse, for respondent.

GAYNOR, J. The plaintiff, a boy of about 17, was working as a mason's helper on the third floor of the building which the defendant was erecting as contractor. The iron floor beams, i. e., arch beams for the fire-proof arches of masonry between floors were set, and across them were laid two or more plank ways, three or four planks wide, for the men to carry material along them by hand or in wheelbarrows. The plaintiff was carrying planks by hand, and as he stepped on the end of one of the planks of the way he was on it tipped up endwise and he was dropped into the cellar. The contention that the learned trial judge erred in not ruling that these ways were not scaffolds (or "scaffolding") within the meaning of section 18 of the labor law (chapter 415, p. 467, Laws of 1897) is not correct. He left it to the jury to say; and in this there was no error against the defendant, for it could have been ruled as matter of law that they were, as the jury found. Being scaffolds, the defendant was liable for negligence in the details of their construction under the said statute. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662. The charge that the fact of the plank tipping up was evidence, prima facie, that it was not safely laid, was not error. That was the sole and obvious cause, namely, that the end of the plank was so far between beams, that with sufficient weight it was a physical fact that it was bound to tip up.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.