FRANK QUIGLEY, Respondent, *v.* JOHN THATCHER et al., Copartners under the Firm Name of JOHN THATCHER & SON, Appellants.

Negligence — liability of contractor to sub-contractor and his employees for defects in scaffolds erected for use of his own employees.

1. While it is doubtful whether in the absence of express agree-ment the provisions of the Labor Law (Cons. Laws, ch. 31, § 18) are such that a contractor without proof of other facts becomes liable to a sub-contractor and his employees for the safety of scaffolds erected by the contractor simply for the use of his own employees, a contractor may by course of events incur such liability, although originally and expressly he assumed no such responsibility.

2. When a contractor, as in this case, constructs and so locates a scaffold or platform that his sub-contractor must of necessity or under the requirements of reasonable convenience in the perform-ance of his work use the same, the contractor may be held to have anticipated such use and to have assumed liability to such sub-contractor and his employees for the safety thereof.

*Quigley* v. *Thatcher*, 144 App. Div. 710, affirmed.

(Argued December 4, 1912; decided December 31, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 9, 1911, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*Benjamin Reass* for appellants. The defendants owed no duty to plaintiff under the provisions of section 18 of the Labor Law, and the charge of the trial court to that effect was erroneous. (*Bohnhoff* v. *Fisher*, 134 N. Y. Supp. 28; *Schapp* v. *Bloomer*, 181 N. Y. 128; *Antes* v. *Watkins*, 98 N. Y. Supp. 522; *Huston* v. *Dobson*, 138

App. Div. 810; *Bill* v. *Expanded Metal Co.*, 60 App. Div. 470; *Swenson* v. *Wilson & Baillie Mfg. Co.*, 102 App. Div. 478; *McMullen* v. *City of New York*, 110 App. Div. 117; *Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169.)

*Mann Trice* and *J. A. Kuck, Jr.*, for respondent. The provisions of section 18 of the Labor Law are mandatory, plain and sufficiently broad to cover the issues submitted to and determined by the jury. (*Huston* v. *Dobson*, 138 App. Div. 810; *Bill* v. *Expanded Metal Co.*, 60 App. Div. 470; *Swenson* v. *Wilson & Baillie Mfg. Co.*, 102 App. Div. 478; *McMullen* v. *City of New York*, 110 App. Div. 117; *Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169; *Bonhoff* v. *Fisher*, 134 N. Y. Supp. 28.)

HISCOCK, J. The defendants were general contractors who had undertaken the erection of a large building. They made a sub-contract with a corporation to put fireproofing in the building and plaintiff was in the employ of this sub-contractor. The jury were permitted by the evidence to find that defendants had erected on the skeleton framework of the second floor of the building a scaffold or platform for the use of their own immediate employees in laying brick; that as plaintiff walked on this structure for the purpose of reaching a point where he desired to perform work engaged to be performed ·by his employer a plank gave way and he fell and was injured. The jury also had a right to find that there was no other appropriate way for plaintiff to reach the place of his labors except over this scaffold. On this point his evidence ran as follows:

"Q. Was this (referring to this platform) the most direct way for you to go to get to your work? A. I was going to work on that section at that time.

"The Court: Was there any other way, is what you want to get down to now. The question is, was there any other way of getting there?

"The Witness: No, sir, there was not.  *  *  *

"The Court:  *  *  *  That was the only way you had to get there, wasn't it?

"The Witness: Yes, sir."

There was no evidence that defendants in their contract with plaintiff's employer expressly undertook to furnish scaffolds necessary for the performance of its contract.

Under these circumstances the question arises whether plaintiff can invoke as a basis of liability on the part of the defendants section 18 of the Labor Law (Cons. Laws, ch. 31), which provides: "A person employing or directing another  *  *  *  in the erection, repairing, altering or painting of a house, building  *  *  *  shall not furnish  *  *  *  scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

We think that this question is to be answered in the affirmative, but for the purpose of doing this we do not deem it necessary to go so far as did the learned Appellate Division according to our understanding of its opinion. We doubt whether in the absence of express agreement there is so written into the contract between contractor and sub-contractor the provisions of the Labor Law that the former forthwith and without proof of other facts becomes liable to the latter and his employees for the safety of scaffolds erected by the contractor simply for the use of his own employees.

But this statute is one for the protection of workmen from injury and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed, and under such interpretation we think that a contractor may by course of events become liable to a sub-contractor and his employees for the safety of a scaffold although originally and expressly he assumed no such responsibility.

Without attempting to forecast other illustrations of liability which might thus arise, we think that when a contractor constructs and so locates a scaffold or platform that his sub-contractor must of necessity or under the requirements of reasonable convenience in the performance of his work use the same the contractor may be held to have anticipated such use and to have assumed liability to such sub-contractor and his employees for the safety thereof. Such is the present case. The jury were justified in finding that the scaffold or platform constructed by the defendants so extended from the entrance to the second floor across the beams to the point where plaintiff's work called him that there was no other reasonable way to proceed than over it. It would have been useless if not difficult for plaintiff's employer to construct another scaffold in that part of the building so long as defendants' was there, and plaintiff's only course was to use the latter or else step from beam to beam in the open framework of the floor. In such a situation we think that the defendants could be held to have foreseen or to have been obliged to foresee that their structure would be used as plaintiff was using it at the time of his accident, and that they, doing nothing to prevent this use, were bound to comply with the requirements of the statute in keeping it in proper condition for his use. It is not necessary to consider whether a contractor might on this theory be made liable for the safety of a scaffold when subjected by a sub-contractor to an use involving a much greater strain than that for which the scaffold was designed, for no such feature is present in this case.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., not voting.

Judgment affirmed.