(156 App. Div. 383.)
### PEDERSIN v. LEONHARD MICHEL BREWING CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. MASTER AND SERVANT (§ 125*)—DANGEROUS PREMISES—LIABILITY.

    Labor Law (Consol. Laws 1909, c. 31) § 18, providing that one directing another to repair any structure shall not furnish unsafe mechanical contrivances, imposes an absolute obligation to furnish mechanical contrivances that are safe and proper, regardless of the knowledge or negligence of the one furnishing the same.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 267*)—DANGEROUS PREMISES—LIABILITY—EVIDENCE.

Where, in an action by an employé of a contractor to repair the smokestack of defendant for injuries from the breaking of a hoisting appliance furnished by defendant, there was evidence that the use of the appliance was necessary, unless a scaffold was built, and that the contractor requested the use of the appliance, and that defendant made no objection, but stated that the appliance was new, evidence of the original purpose of the appliance was admissible, to show that defendant furnished the appliance to one whom it directed to repair the smokestack.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 909, 911; Dec. Dig. § 267.*]

3. MASTER AND SERVANT (§ 289*)—DANGEROUS APPLIANCES—CONTRIBUTORY NEGLIGENCE.

Where, in an action by an employé of a contractor to repair a smokestack of defendant for injuries caused by the breaking of a hoisting appliance furnished by defendant, there was evidence that defendant had stated that the appliance was new, and that the employé had tested the strength thereof before using it, it cannot be held that the employé was, as a matter of law, guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

Thomas and Stapleton, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by John S. Pedersin against the Leonhard Michel Brewing Company. From a judgment for defendant, and from an order dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and STAPLETON, JJ.

William Seward Shanahan, of Brooklyn, for appellant.
John C. Robinson, of New York City, for respondent.

BURR, J. Plaintiff appeals from a judgment of nonsuit. Defendant, the Leonhard Michel Brewing Company, was the owner of certain buildings used for brewery purposes. Through the roof of one of these an iron smokestack ran, which was about 75 feet in height and 5 or 6 feet in diameter. This stack was somewhat out of repair, and a firm of riggers had entered into a contract with defendant to put a new band around the stack and new stays to support it. Plaintiff was in the employ of the contractors. In order to do this work it was necessary to reach the top of the stack. All of the materials necessary to make the repairs were furnished by the contractors, with one exception. From the top of the stack a line ran, described as a gantline. It was of steel, and passed through a pulley block, which had a hook upon the end thereof. This hook was fastened to another hook at the top of the stack. When passed through the block, the ends of this gantline hung down and reached to the roof of the building. The gantline, pulley, and hooks belonged to defendant. Plaintiff procured a boatswain's chair, attached it to one end of the gantline, and was raised by his fellow workmen to

the top of the stack. This was for the purpose of drawing up other rigging necessarily used in the repair thereof. Having attached a part of this rigging to one of the stays of the stack, plaintiff was then lowered to the roof, and when he was being drawn up a second time, for the purpose of attaching additional rigging to the top of the stack, the hook in the pulley block broke, and plaintiff fell to the roof and was injured.

[1] If the extent of defendant's liability is to be measured solely by common-law rules, it may be that the nonsuit was proper. But a statutory duty arises by virtue of the provisions of the Labor Law, to the effect that:

"A person employing or directing another to perform labor of any kind in the * * * repairing * * * of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." Consolidated Laws, c. 31 (Laws 1909, c. 36) § 18.

If this statute is applicable, therefrom arose an obligation to furnish hoists and mechanical contrivances that are safe, suitable, and proper, regardless of knowledge or negligence in the matter on the part of those furnishing or causing the same to be furnished. Caddy v. Interborough Rapid Transit Co., 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. (N. S.) 30.

[2] The evidence does not disclose what the original purpose of this gantline was. Several times plaintiff attempted to prove this; but in each instance his effort was defeated by an objection on the part of defendant, which was sustained. This was erroneous, and this error was serious in character. It might have appeared that the express design and purpose of said gantline was to enable a workman to reach the top of the smokestack by the use thereof, if the performance of his duty called him there. For the purpose of this appeal we must assume that such was the case. It did appear from plaintiff's evidence that the use of the gantline was absolutely necessary in order to enable him to reach the top of the stack, unless a scaffold was built around the stack the entire distance from the bottom up. It also appeared that, before the work began, the contractors told Mr. Michel, one of the officers of defendant:

"We have to use that gantline in order to get our rigging up on the top of the stack."

Not only was no objection made to such intended use, but in answer to the contractor's inquiry Mr. Michel said that:

"It was a new line and a new block up there, and they hadn't been up more than two or three months."

While defendant may not have in express terms assumed responsibility for the safety of the block and gantline, when it so located a hoist or mechanical appliance that the contractor must of necessity, or under the requirements of reasonable convenience, in the performance of his work use the same, defendant may be held to have an-

141 N.Y.S.—26

ticipated such use, and to have assumed liability to the contractor and his employés for the safety thereof. Quigley v. Thatcher, 207 N. Y. 66, 100 N. E. 596. Within this rule, if the evidence above referred to was uncontradicted or unexplained, a jury would have been justified in finding that defendant erected or furnished, or caused to be erected or furnished, to one whom it directed to perform labor in the repairing of said smokestack, an appliance which was unsafe, unsuitable, or improper, and in holding defendant responsible for its insufficiency, unless plaintiff was guilty of contributory negligence.

[3] There was no evidence that the use made of the gantline was unusual. There was evidence, not only of the statement of one of defendant's officers that the appliance was comparatively new, but also that plaintiff tested the strength thereof before making use of the same. It cannot be said as matter of law that he failed to exercise reasonable care in that regard.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and HIRSCHBERG, J., concur. THOMAS and STAPLETON, JJ., dissent, upon the ground that the defendant is not liable under the statute.