### COHN v. SEKOSKY.

(Supreme Court, Appellate Division, Second Department. May 9, 1913.)

MASTER AND SERVANT (§ 321*)—INJURY TO SERVANT—LIABILITY.

A building contractor, who furnishes a scaffold for use as a hoist, and who has the direction and control of the work, is liable for injuries to an employé, caused by the fall of the scaffold, while used as a hoist, because of defects therein, though he is an employé of a subcontractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

Appeal from Trial Term, Kings County.

Action by Samuel Cohn against Isaac Sekosky. From a judgment for defendant, and from an order denying new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, RICH, and STAPLETON, JJ.

Henry Hirschberg, of Newburgh, for appellant.
Isaac Sekosky, of Brooklyn, pro se.

JENKS, P. J. The action is for negligence in the relation of master and servant. The appeal is by the plaintiff from a judgment entered upon a verdict against him. The plaintiff was injured by fall of a scaffold, which he was pulling up as a hoist, incident to work about a certain house. The defendant admitted that he was a contractor for the performance of certain work on that house, and as such contractor had charge, direction, and control of the said work. He further pleaded that the injuries, if any, were caused by the plaintiff's negligence, and, if by the negligence of any other, then by the negligence of a subcontractor, and that the ropes for the scaffolding were furnished by a fully competent and experienced subcontractor, who, on information and belief, was careful and prudent in his business. The plaintiff testified that Polakoff asked plaintiff if he wished to help him, and said that he had a job working for the defendant; that thereupon plaintiff went to work, and that Polakoff informed plaintiff that he (Polakoff) was working for the defendant. The defendant testifies that he had the work for placing a lintel on the premises; that he ordered the lintel from the factory, and took a mason (Polakoff) to do the work; and he read in evidence a contract with Polakoff for such work.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned court, under exception, charged the following request of the defendant:

"If the jury believes that Polakoff was a subcontractor, and that he had contracted to place that lintel, even if the defendant was present at the time that it was placed, he is not liable."

The defendant in his answer—

"admits that he caused to be furnished certain ropes, scaffolding, pulleys, etc., but he denies that the same were furnished for the purpose and usage that the same were put to by the plaintiff or his employer, and that the same were rotten and of insufficient strength for the usage intended for the same."

The plaintiff testifies that when he came to the premises he saw a scaffold lying on the ground, and a stone was on the scaffold; that he asked Polakoff, "Where is your boss?" and that then the defendant came along. The plaintiff then said, "I can't pull that myself; you will have to have a third man to help in pulling that up;" and that the defendant helped pull. The defendant said to him, "The rope is strong enough to pull up," and told him to pull. When they had pulled about 15 or 20 feet, the rope broke; and theretofore he had asked the defendant if he was the boss, whereupon the defendant answered, "Yes." The defendant denied that he was present, admitted that he furnished the rope for the scaffold and had borrowed the scaffold from a painter, but denied that he had ever authorized Polakoff to use the scaffold for the purpose of a hoist.

I think, even if the jury determined that Polakoff was a subcontractor for the lintel, that under the rule of Quigley v. Thatcher, 207 N. Y. 66, 100 N. E. 596, the testimony presented as a question of fact for the jury whether the defendant was liable for the safety of the scaffold. I do not decide that upon the evidence a verdict for either party would have been free from interference either by the trial court or by the appellate court. I decide only that the issue for the jury was limited erroneously to the question of the status of Polakoff as a subcontractor for the lintel work.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event. All concur.