BERNARD McGLONE, Appellant, v. WILLIAM ANGUS, INC.,
Respondent, Impleaded with Others.

Negligence — building — erection of platform or scaffold by
one of several contractors on building — duty to employees of
other contractors — question for jury whether it might reason-
ably anticipate that employees of other contractors would use
it — erroneous dismissal of complaint in action by such an
employee for injuries received through giving way of platform.

1. Where one of several contractors on a building erects a platform
which it might reasonably anticipate would be used by employees of
other contractors in the performance of their work, it is its duty to
use reasonable care to construct it safely with due regard to such user.

2. Where, therefore, the respondent, a stone setting contractor, had
placed boards across the iron floor beams in a building under construc-
tion, forming a scaffold on which to place a derrick to raise stone, and
plaintiff, an ironworker, in the course of his employment, stepped on
the platform which gave way causing him to fall to the cellar, in an
action to recover for the injuries received, where there is evidence that
it was natural and customary, if not necessary, for workmen employed
on the building to walk across the platform, it is a question for the jury
whether respondent could reasonably have anticipated that other
workmen on the structure would walk thereon, and it was error to
dismiss the complaint.

*McGlone* v. *Angus, Inc.*, 222 App. Div. 818, reversed.

(Argued April 12, 1928; decided May 8, 1928.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the second judicial department,
entered February 3, 1928, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court at a Trial Term.

*R. W. Barth, Edwin L. Smart* and *William V. Hagen-
dorn* for appellant. The defendant, who was an inde-
pendent subcontractor, is liable for plaintiff's injury,
notwithstanding the fact that there was no contractual
relationship between plaintiff and defendant. (*Flanagan*

v. *Ley*, 241 N. Y. 607; *Litsch* v. *Todds, Irons & Robertson, Inc.*, 239 N. Y. 559; *Quigley* v. *Thatcher*, 207 N. Y. 66; *Clemens* v. *Benzinger*, 211 App. Div. 586; *Murphy* v. *Rochester Telephone Co.*, 208 App. Div. 392; 240 N. Y. 629; *Rosenbusch* v. *Ambrosia Milk Corp.*, 181 App. Div. 97; *O'Rourke* v. *Waite Co.*, 125 App. Div. 825; *Bill* v. *N. Y. Expanding Metal Co.*, 60 App. Div. 470; *Smith* v. *Brady*, 136 App. Div. 665; *Lynch* v. *Ley & Co., Inc.*, 119 Misc. Rep. 681.)

*Clarence S. Zipp* and *E. C. Sherwood* for respondent. Respondent was under no duty to make its platform safe for plaintiff, and the complaint was properly dismissed. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79.)

Crane, J. The evidence in this case is decidedly unsatisfactory. The parties evidently took much for granted and with their understanding of the situation read into the record much that we cannot see. However, there is sufficient in my judgment to make out a cause of action; that is a question for the jury. The Girls High School, at Classon avenue, between President and Union streets, Brooklyn, N. Y., was on the 14th day of March, 1924, in the course of erection. The defendant William Angus, Inc., was engaged in setting the stone thereon. The Dickens Erecting Co. was erecting the iron work, or a portion of it. The plaintiff was employed by the Dickens Erecting Co. and was obliged to climb up the iron girders and walk over the iron framework. On the second floor of the structure the Angus Co. had placed boards across the iron beams forming a scaffold upon which to place the derricks to raise the stone. The plaintiff in going for his tools, walking along the narrow beams, stepped upon this planking erected by the Angus Co., which gave way under him. He fell to the basement and was badly hurt. The planks had been insecurely placed on the beams and a coil of wire, it is said, hid the

defects. There is no dispute apparently that this planking or scaffold gave way, and that the plaintiff was dropped to the cellar.

Negligence is gauged by the ability to anticipate. The Angus Co. apparently knew that its men were not the only ones at work upon the building. As the iron work went up, the stone work soon followed. Both classes of employees were working together. When the Angus Co. placed boards over the iron beams forming a scaffold or flooring for its derricks, could it reasonably anticipate that other workmen on the structure would walk over the flooring? On the evidence this was a question for the jury. The last words in the case given by the foreman rigger of the Angus Co. indicate what he would anticipate under such conditions. " Q. Did you ever tell any of the workmen on the job, that is, workmen of other contractors, that they should not walk across or use the platforms? A. No, because that would be useless." I take this answer to mean that it would be useless to tell men not to do a thing which is natural and customary, if not necessary for them to do.

Under these circumstances and conditions, if reasonable care would have anticipated such use then it was the duty of the defendant to erect its platform or flooring with due regard of the user by others. That is, it was under the duty to use reasonable care to construct it safely for those whom it had reason to anticipate would naturally and customarily use it in the course of the work. (Quigley v. Thatcher, 207 N. Y. 66; Flanagan v. Ley & Co., 241 N. Y. 607; Murphy v. Rochester Telephone Co., 208 App. Div. 392; affd., 240 N. Y. 629.)

The judgments should be reversed, and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., dissents.

Judgments reversed, etc.