Morris E. Spector, J.
The Chesterford Homes, Inc., was a contracting corporation engaged in the building of six two-family attached houses, which had gabled or peaked roofs on the end houses. The Chesterford Homes, Inc., is not a party defendant in this action.
The plaintiff was an employee of a painting subcontractor on that job. The defendant was a subcontractor doing brickwork. The defendant had a scaffold huilt by union scaffolding men whose sole job was to build scaffolds. And after the same were built, the defendant’s men did the brickwork using this scaffold.
On February 11, 1955 the defendant completed its work on the entire house with the exception of whatever brickwork they had to do on stoops and on the garage. Thereafter, the roof with gables or peaks were erected.
Up until this time, February 11, 1955 no one besides the bricklayers used this scaffold. On February 16, 1955, the plaintiff, an employee of the painting subcontractor on direction of his employer, got on the scaffold so as to paint these gables or peaks. He painted one gable and was walking towards the *299 other when a plank gave way and catapulted the plaintiff to the ground. Neither the plaintiff nor his employer got permission of the brick subcontractor to use this scaffold, and neither claimed that they did get such permission.
The plaintiff is suing under the theory of common-law negligence, and this defendant subcontractor may be held liable "only if the plaintiff proved that the defendant should have, by the exercise of reasonable care, anticipated that the employees of other subcontractors would use the scaffold in question. (McGlone v. Angus, 248 N. Y. 197; Mahoney v. Coastwise Lbr & Supply Co., 185 App. Div. 348.)
In the McGlone case, the proof showed that the employees of the defendant and of the plaintiff’s employer used the planking in common, and, therefore, it was a question of fact for the jury if same should have been anticipated. In the Mahoney case (p. 350), “ The ladder in question was a temporary affair, put together roughly for the convenience of the defendant’s workmen * * * and, being portable, was left wherever they stopped operations.” The court held that the defendant could not be charged with the plaintiff’s unauthorized use of the ladder. In this case there was a lapse of two working days between the time the defendant’s employees stopped using the scaffold and the time when the plaintiff used same.
Plaintiff has failed to offer any evidence from which the jury might find that defendant could have anticipated that others than its employees would use the scaffold. Since the jury must have evidence upon which to base a verdict, and may not engage in speculation, plaintiff has failed to establish any legal obligation upon the part of the defendant to him.
Although the plaintiff relies on the common law, the result would be the same if the defendant were sued under the provisions of the Labor Law, since the defendant neither directed nor employed the plaintiff. (See Ehrlich v. C. B. S. Columbia, 16 Misc 2d 793.)
In the case at bar, the scaffold was not used or intended to be used by anyone or all of the people working for the various contractors on this job; there was no “commingling of the employees in a common project.”
In the case at bar, there was no evidence of any hidden danger. There was no user in common. There is no claim of receiving permission to use the scaffold. And when plaintiff did use said scaffold he was either a trespasser or at best a mere licensee. (Molnar v. Slattery Contr. Co., 8 A D 2d 95, 98.) “ ‘ Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land *300 is to abstain from ^'inflicting* intentional, wanton or willful injuries, unless he maintains some hidden engine of destruction, such as spring guns or hindered devices, upon his property (Mendelowitz v. Neisner, 258 N. Y. 181, 184). He is not liable in damag-es to a trespasser or bare licensee for a mere defect in the premises.’ ”
Accordingly, the motions made for dismissal of the complaint and for a directed verdict by the defendant are granted; and the motion for a directed verdict by the plaintiff is denied.