DONALD ROBINSON, Appellant *v.* ALEXANDER A. AVELLA et al., Doing Business as AVELLA CONSTRUCTION COMPANY, RESPONDENTS.

Third Department, March 18, 1960.

*Meagher, Eisenhart & Madigan (Jefferson F. Meagher* of counsel), for appellant.

*Levene, Gouldin & Thompson (Paul C. Gouldin* of counsel), for respondents.

COON, J. Plaintiff brought this action to recover for personal injuries which he sustained when he fell from an elevated portion of the framework of a building which was under construction and upon which plaintiff was working. Plaintiff alleges common-law negligence and the violation by defendants of certain statutory provisions of the Labor Law.

Defendants were the general contractors for the construction of the building and performed the carpenter work and concrete work. Plaintiff was a foreman for a subcontractor who had a subcontract with defendants for the installation of iron and steel reinforcing. The building was being constructed of reinforced concrete.

At the time of the accident plaintiff and a co-worker were installing cantilever steel rods at roof level. Each rod weighed about 60 pounds and had to be " threaded " between two vertical rods embedded in a vertical concrete support and joined by a steel strap. This required considerable tugging and pushing. When in place these cantilever rods would project approximately 5 feet on each side of the concrete upright and these projecting ends would eventually be embedded in horizontal concrete. In the process of installing the cantilever rods plaintiff's co-worker had to stand on one side of the reinforced concrete upright and the plaintiff on the other. On the co-worker's side the forms for the concrete slab to be poured the next working day had been completed with sides and bottom, and had been secured to the wooden supports underneath. On plaintiff's side only " patent panels " which were to become the bottom of a form for a concrete horizontal beam were in place atop four by four wooden stringers. A patent panel is a piece of heavy plywood five feet by two feet, reinforced by channel iron and designed to be locked to another panel by a wedge and groove device. Several of these panels had been laid crosswise on the horizontal four by four stringers on the side where plaintiff was working. From extreme outer edges the stringers were 24 inches in width and the patent panels overlapped 18 inches on each side. The panels upon which plaintiff was standing as he worked had not been locked together or nailed to the stringers, and the one on which plaintiff was standing flipped up and both plaintiff and the panel fell to the ground.

Plaintiff's proof shows that the panels were placed there by defendants' carpenters, who were not working on them at the time of the accident; that steel workers were accustomed, to the knowledge of defendants, to stand on similar panels while installing steel reinforcing; that he had no other place to stand to do the work; that he had been instructed by defendants' foreman on several occasions on that day to install the particular reinforcing at that particular place, and to "hurry up" with that particular installation because they wanted to pour the concrete on the opposite side of the upright on the following working day.

Upon that proof we think a prima facie case of common-law negligence was established. (*Talbot* v. *T. Brown Co.*, 263 N. Y. 597; *McGlone* v. *Angus, Inc.*, 248 N. Y. 197.) Defendants created a dangerous situation and instructed plaintiff to work in the area while the situation, which could have readily been rendered safe, existed. Though the building was in the process of construction, defendants owed a duty to other workmen to refrain from creating unnecessary dangers without warning. The colloquy between the court and counsel at the time the motion was under consideration would seem to indicate that the trial court felt that a prima facie case of negligence had been made out, but deemed plaintiff guilty of contributory negligence as a matter of law. With the panels laid next to each other as they would be in final use, reasonable minds might differ as to any duty on the part of plaintiff to examine or test the panels before stepping thereon, especially when he had been told by defendants' foreman to work there and there was no other place to stand. The question of contributory negligence was one of fact for the jury.

The cases upon which defendants rely are distinguishable. In *Morris* v. *Hunter & Son* (1 N Y 2d 696) a different and safer method of getting to the roof was provided; in *Italiano* v. *Jeffrey Garden Apts. Section II* (3 N Y 2d 977), plaintiff used an unsafe place or method not furnished by defendants; in *Zucchelli* v. *City Constr. Co.* (4 N Y 2d 52) the action was against an owner; and in *Olsommer* v. *Walker & Sons* (4 N Y 2d 793), plaintiff could have used a ladder but elected to step on material furnished by his own employer and obviously not intended to walk upon.

Giving the plaintiff's proof every favorable inference, as we must, we think the court erroneously granted the nonsuit. Having reached such conclusion it is unnecessary to comment upon the alleged statutory violations.

The order and judgment should be reversed and a new trial ordered, with costs to abide the event.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order and judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.