Jack Cohen, Appellant, *v.* Josam Construction Corp., Defendant-Respondent and Third-Party Plaintiff, et al., Defendant. Isadore Eisenberg, Doing Business as Eisenberg Painting Company, Third-Party Defendant.

First Department, November 29, 1962.

254

*Thomas F. Frawley* of counsel (*Nicholas J. Winnie* and *Harry M. Matis* with him on the brief; *Winnie & Matis*, attorneys), for appellant.

*John J. Duffy* of counsel (*John E. Morris*, attorney), for respondent.

STEVENS, J. This is an appeal from a judgment entered October 21, 1960, upon a directed verdict, dismissing the complaint at the conclusion of the case.

The facts are sufficiently stated in the dissenting opinion to obviate the necessity of extended repetition. The plaintiff, an employee of the painting subcontractor for the job, is here suing the brick subcontractor for injuries suffered when he fell from a bricklayer's scaffold while painting two small peaks on the building.

Plaintiff, a painter, testified he was directed by his employer to use the scaffold for work which would have required approximately one-half hour. Permission was neither sought from nor granted by the defendant Josam Construction Corp. (herein Josam), which had erected the scaffold for its bricklayers. This accident occurred February 16, 1955. The bricklayers had last used the scaffold on February 11, 1955, and were to return to the job later to complete work on the stoops and garages.

Plaintiff sues on the theory of common-law negligence. He testified that he went through a window upon the scaffold and did not examine it at all before beginning to paint. There was no testimony that the scaffold was or had been unfit for use by the bricklayers — the purpose for which it had been constructed.

Plaintiff can succeed only if he can show either that he was invited to use the scaffold, or that the defendant, in the exercise of reasonable care, might reasonably have anticipated its use

by plaintiff or employees of other contractors or subcontractors on the job.

Insofar as the employees of Josam are concerned, Josam had an absolute duty to construct a safe, suitable and proper scaffold for them. For Josam to be liable to plaintiff it must appear either that plaintiff was entitled to use or was lawfully upon such scaffold by invitation, express or implied (*Huston* v. *Dobson*, 138 App. Div. 810), or that Josam might reasonably have anticipated the use of the scaffold by plaintiff (*McGlone* v. *Angus, Inc.*, 248 N. Y. 197).

In the *McGlone* case (*McGlone* v. *Angus, Inc., supra*) the iron and stonework employees were working on the job together. The defendant (engaged in the stonework) had laid planks across iron beams upon which plaintiff, an ironworker, stepped and fell because the boards were insecurely fastened. It was stated under such circumstances defendant had reason to anticipate the scaffold would be used by others.

In the case before us defendant had suspended work five days earlier and was not then working at the premises. Moreover, plaintiff and his employer only contemplated work which would consume approximately one-half hour and for which, by their testimony, ladders would ordinarily have been used. Defendant could hardly have anticipated this fleeting use. Nor was plaintiff expressly invited to use the scaffold as in *Huston* v. *Dobson* (*supra*) or directed by defendant to do so. There was testimony that this scaffold was only for the use of the working bricklayers, and that even their employer was not permitted upon the scaffold. There was no proof of knowledge by defendant of the use of this scaffold by others, or any credible evidence of circumstances from which defendant might reasonably, and in the exercise of due care, have anticipated such use (cf. *Cole* v. *Long Is. Light. Co.*, 24 Misc 2d 221).

There is no testimony here of any hidden defect. In fact plaintiff testified he did not examine the scaffold at all.

Negligence, broadly speaking, is conduct which falls below the standard of what a reasonably prudent person would do under the circumstances, and it must be judged as of the time it is engaged in (2 Harper and James, Law of Torts, § 16.1–§ 16.5).

The brickwork extended upwards to the roof which had not been placed when the bricklayers suspended work. To hold that Josam must reasonably have anticipated the placing of a sloping roof with a small segment, a peak, which would have to be painted and for which its scaffold might be used is to move beyond the requirement of " quantitative probability of some such injury as a foreseeable consequence " (2 Harper and James, Law of

Torts, p. 930), to the standard of absolute liability. This the law has not seen fit to do in common-law negligence cases. (Cf. *Ehrlich* v. *C. B. S. Columbia*, 16 Misc 2d 793.)

The judgment appealed from should be affirmed, with costs.

RABIN, J. (dissenting). I dissent and vote to reverse the judgment and direct a new trial.

In this action in negligence where recovery is sought for personal injuries, the trial court dismissed the complaint at the close of the case. The dismissal was grounded upon the conclusion that the plaintiff had failed to make out a case of actionable negligence. That dismissal implies that there were no issues of fact to be resolved by the jury. I disagree.

In early 1955, six two-family houses were being constructed by the defendant, Chesterford Homes, Inc.* The defendant, Josam Construction Corp. was the bricklaying contractor hired by Chesterford to do the necessary brickwork on the houses.

In preparation for doing the brickwork, Josam had erected a wooden scaffold across the front of the six houses. The scaffold was constructed of upright four-inch by four-inch poles with crosspieces upon which planks were laid. These planks constituted the "platform" on which the bricklayers worked. Josam's employees commenced laying the brick for the face of the homes and upon completion of this phase of the work they left, the scaffold remaining in place.

Several days later the plaintiff was brought to the job by his employer — the painting subcontractor — and was instructed to paint the peaks and gables on the houses. To accomplish such purpose the plaintiff used the scaffold left there by Josam. During the course of the painting one of the planks gave way, the plaintiff was thrown to the ground and sustained the injuries complained of.

There was ample evidence to present a jury question as to whether the scaffold had been defectively constructed by Josam and whether or not it had been constructed in conformity with the rules of the appropriate governmental agencies. The dismissal by the trial court was not bottomed on the failure to show such defective construction.

The court stated that a dismissal was required because the " [p]laintiff has failed to offer any evidence from which the jury might find that defendant could have anticipated that others than its employees would use the scaffold." I disagree with that conclusion. While I agree that " reasonable anticipation " of use by others is a prerequisite to liability (*McGlone* v. *Angus*,

---

* The action against Chesterford had been severed prior to trial and we are not concerned with the question of whether it was liable to the plaintiff.

*Inc.*, 248 N. Y. 197) I do not agree with the trial court's conclusion that the proof was insufficient to permit a jury to find that the defendant Josam did or reasonably should have anticipated that other workmen would use the scaffold. The issue here is a narrow one, i.e., should the jury have been permitted to determine the question of " reasonable anticipation " or was it purely a question of law for the court to decide. The *McGlone* case (*supra*), appears to point to the answer.

In that case the defendant — a stone-setting subcontractor — had placed boards across the iron beams of a building under construction. These boards served as a scaffold upon which the defendant placed its derricks used to raise the stone. The plaintiff, employed by the iron subcontractor, walked along these planks to get to his tools. The planking gave way and he sustained injuries for which he sought recovery. The Court of Appeals reversed an Appellate Division order affirming a dismissal of the complaint by the trial court and directed a new trial. The court held that under the circumstances a jury question was presented as to whether defendant should have reasonably anticipated that other workmen would use the flooring.

While it is true that in the *McGlone* case both the plaintiff and defendant were working on the job at the same time while in this case they were not, I do not believe that such factual difference is of great consequence. I cannot perceive that the result in the *McGlone* case would have been different had the defendant been off the job at the particular moment the plaintiff had been injured.

As aforesaid, I conclude that the proof at the trial was sufficient to have warranted the submission of the question as to " reasonable anticipation " to the jury. When Josam's employees left the job, the scaffold covered the entire front section of the homes. As a bricklaying contractor, Josam could well be presumed to know (or so the jury could have found) that other trades, including painters, would follow its employees on the job to perform other tasks necessary to complete the homes. Assuming that defendant knew or should have known that painters were to follow, then, because of the nature and location of the scaffold, the defendant can be held to have invited its use by them. There was direct testimony by the plaintiff to the effect that he could not do the necessary painting without using the scaffold. The position of the scaffold was such as to render it impossible for the plaintiff to use a ladder from which to do his work. In short, for plaintiff to be able to do his work at that time he was required to make use of the scaffold. By

erecting the scaffold and leaving it in a position so that the painter "must of necessity or under the requirements of reasonable convenience in the performance of his work use the same * * * [Josam] may be held to have anticipated such use and to have assumed liability * * * for the safety thereof." (*Quigley* v. *Thatcher*, 207 N. Y. 66, 69; see, also, *McGlone* v. *Angus, Inc.*, 248 N. Y. 197, *supra*.) It should be noted that we need not here find that the facts established that the defendant did or should have anticipated the use of the scaffold by the plaintiff. It is sufficient that there were facts presented that would enable a jury to so find.

Furthermore, if it should be said that the aforesaid be insufficient to enable the jury to make a finding of "reasonable anticipation" nevertheless such finding might be made by proof of the custom of the building trade. If, in fact, it were the custom that scaffolds left in place by one trade could be availed of by other trades then knowledge of such custom could be imputed to the defendant. While the record may not contain sufficient evidence to permit a finding that there was such a custom, such deficiency resulted from the exclusion of evidence relative thereto proffered by the plaintiff. The plaintiff's employer was called as a witness and was asked directly whether there was a custom as to the use by painters of scaffolds erected by other trades. The court refused to permit an answer to that question. I consider that ruling to be improper. If so, then for the purposes of this appeal we must assume that the response would have been in the affirmative thus supplying the needed additional evidence.

For the above reasons and regardless of any other considerations I think that the court was in error when it refused to submit the case to the jury and dismissed the case as a matter of law. Accordingly, there should be a reversal and a new trial ordered.

BREITEL and EAGER, JJ., concur with STEVENS, J.; RABIN, J., dissents in opinion in which BOTEIN, P. J., concurs.

Judgment so far as appealed from affirmed, with costs to respondent.