DOMINICK VIGNOGNA, Appellant, *v.* 170 EAST 83RD REALTY CORP. et al., Respondents, et al., Defendants.

First Department, December 6, 1966.

*Benjamin H. Siff* of counsel (*Zale & Toberoff*, attorneys), for appellant.

*Robert D. Foglia* of counsel (*E. Edan Spencer*, attorney), for Atlas Erectors Co., respondent.

*William F. McNulty* of counsel (*Bachkoff, Miller & Steger*, attorneys), for 170 East 83rd Realty Corp., respondent.

*Per Curiam.* The jury in this personal injury case returned a verdict in favor of the defendants. The substantial assignment of error is the failure of the trial court to direct a verdict against defendant 170 East 83rd Realty Corp., the owner and general contractor for the building under construction.

Plaintiff was an employee of a subcontractor. He received his injuries when he fell from a steel beam one floor above the ground level, passed through the ground level floor, and landed in the basement. There was no flooring on the ground level floor or above it. It is plaintiff's contention that the absence of flooring on the ground level floor is a violation of subdivision 1 of section 241 of the Labor Law, in effect at the time of the accident, and, as such, constitutes negligence as a matter of law. The section as material read: "If the floors are to be arched between the beams thereof * * * the flooring or filling in shall be completed as the building progresses." (L. 1932, ch. 470.) Quite obviously, if the phrase "as the building progresses" means that the first floor should have been filled in at the time, the plaintiff's contention is correct (*Joyce* v. *Rumsey Realty Corp.*, 17 N Y 2d 118).

It appears that fitting in the flooring of the floor above the ground level was the very work on which the plaintiff was engaged when he fell. It could not be contended — as in fact it is not — that the absence of this flooring was a violation of the statute. Since it is conceded that the building had not progressed above the floor from which plaintiff fell, the only floor on the absence of which liability could be based is the ground level floor. Testimony was introduced that filling in the flooring at this stage in the progress of the building was not a feasible operation. The court left to the jury whether under these facts the building had progressed to a point where the floor was required to be filled in. We believe that this was a proper submission. In *Joyce* (*supra*), the building had progressed above the fourth

floor and no floors had been filled in. Defendant there did not dispute that the building had progressed well beyond the point at which the statute mandated the filling of the floors. The defense there was based on the untenable contention that the absence of the flooring did not cause the fall and, hence, was not the proximate cause of the injury.

That the phrase " as the building progresses " is not, under these circumstances, an absolute mandate for the filling in of the floor is supported by considerations both within and without the statute. Section 241, as it provided in its entirety at the time of the accident, is concerned with the protection of workers by the filling in of floors. The three subdivisions make different provisions for different kinds of flooring. If nonfireproof materials are to be used, the flooring is to be laid " on each story as the building progresses " (subd. 2). If double floors are not to be used, two stories immediately below the story where the work is to be performed shall be kept planked over (subd. 3). In the case of arched floors there was no precise statement of the exact floor as in the other two subdivisions, merely " as the building progresses." When the section was amended in 1962, the protection required was to be reasonable and adequate and the Board of Standards and Appeals was required to make rules. The rule made by the board on temporary flooring in steel construction buildings requires such flooring two stories below the point on which work is going on in connection with the steel construction. While it is true that the regulations of the board did not have the same status that they are accorded under the current statute, and in no event could they supersede the statute, nevertheless, this implementation of the requirement of reasonable and adequate protection helps to define the phrase in the earlier statute fixing the requirement " as the building progresses."

We have examined the other assignments of error and are all in accord that no discussion is called for.

The judgment should be affirmed, with costs and disbursements to respondents.

CAPOZZOLI, J. (dissenting). At the time of the accident plaintiff was working as a carpenter in and about an apartment building in the process of construction. He was assigned to work on the second floor, which was one flight above the street level and two flights above the basement floor. It is agreed that the floors of the building were to be arched, that is to say, to be filled in with concrete. Although the plaintiff was working on the second floor, the floor beneath him was not com-

pleted, nor filled in, so that there was an opening where the filling should have been. While plaintiff was moving in and about his work he lost his balance and fell below, through the open first floor level, down to the floor of the basement. He sustained injuries for which this action has been brought.

The date on which the accident happened was August 3, 1960, at which time subdivision 1 of section 241 of the Labor Law read as follows:

" All contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:

" 1. If the floors are to be arched between the beams thereof, or if the floors or filling in between the floors are of fireproof material, the flooring or filling in shall be completed as the building progresses."

The language above quoted was interpreted by the Court of Appeals in the case of *Joyce* v. *Rumsey Realty Corp.* (17 N Y 2d 118). In that case a similar situation was presented, except that, instead of the injured person working on the second floor, he was working on the fourth floor and the floors below had not been filled in. The Court of Appeals, at page 122, stated that the contractor had " unquestionably violated the unequivocal command of subdivision 1 of former section 241 of the Labor Law that the contractor must complete the flooring as the building progresses ", and held that, since violation of the statute was conclusive evidence of negligence, a directed verdict for plaintiff against Rumsey was proper. It concluded, at page 123, with the statement " to hold otherwise would be to deprive the worker of the protection afforded him by the Labor Law. To say that a jury in such a case could bring in a no cause verdict would be to say that the jury can nullify the statute ".

It is the contention of the respondent that the rule set down in the *Joyce* case does not apply to the case at bar because it is common knowledge that the ground floor cannot be laid until the boilers and other heavy equipment have all been installed. Whatever merit there might be to such a contention it is an argument which should have been presented to the Legislature when the above-quoted section was enacted. The section has no exceptions and none should be read into it. Contrary to the further argument advanced by the respondent that the statute should be strictly construed, the law is that " ' this statute is one for the protection of workmen from injury and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed.' (See *Quigley* v.

*Thatcher,* 207 N. Y. 66, 68.) '' (*Koenig* v. *Patrick Constr. Corp.,* 298 N. Y. 313, 319.)

I dissent and vote to modify the judgment appealed from, to the extent of reversing that part thereof which dismissed the complaint against 170 East 83rd Realty Corp., granting judgment against that defendant on the issue of liability, and directing an assessment of damages against said defendant.

RABIN, J. P., McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; CAPOZZOLI, J., dissents in part, in opinion.

Judgment affirmed, with $50 costs and disbursements to the respondents.