WILLIAM SPIEZIA, Appellant, v. ANGELO CONTRACTING CORP. et al., Respondents, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered September 16, 1968 after a jury trial on the issues of liability only, as is in favor of defendant Angelo Contracting Corp. upon the jury's verdict and in favor of defendant Remsen Associates, Inc., upon the trial court's dismissal of the complaint as to said defendant at the close of plaintiff's case. Judgment affirmed insofar as appealed from, with costs to defendant Angelo Contracting Corp. No opinion. Brennan, Acting P. J., Martuscello and Kleinfeld, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment insofar as appealed from and to grant a new trial as against defendants Angelo Contracting Corp. and Remsen Associates, Inc., with the following memorandum, in which Benjamin, J., concurs: Plaintiff was hurt when a scaffold on which he was working gave way and he fell to ·the floor. He was an employee of an electrical subcontractor engaged in the construction of a one-story building. He sued Remsen Associates, Inc., the general contractor, and Angelo Contracting Corp., a carpentry subcontractor. At the trial, the Trial Term dismissed the complaint against Remsen at ·the close of plaintiff's case; and a verdict was returned by the jury in favor of Angelo. I am of the opinion that a new trial should be granted against both these defendants. Plaintiff established that Remsen had employed one Lambo as job co-ordinator and that Lambo had told him to use Angelo's scaffold ·for his work in installing electric cables at a point where Angelo's men had been building a store front. Following this conversation, plaintiff mounted the scaffold, consisting of four planks laid across two metal "horses", after· he had been informed ·by Angelo's carpenters that the scaffold was ready for use. As he walked along the scaffold, the boards suddenly gave way and he was injured when he fell. In my opinion, this testimony was sufficient to prove a prima facie case against Remsen under section 240 of the Labor Law. That section imposes liability on a general contractor who directs a workman employed by another and causes to be furnished or erected a scaffold for the performance of the work, in the event that the workman suffers injury from a defective condition of the scaffold (*Sarnoff* v. *Charles Schad, Inc.*, 22 N Y 2d 180, 185; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313; *Galbraith* v. *Pike & Son*, 18 A D· 2d 39). Plaintiff's evidence, which must be given the benefit of a broad construction in his favor (*African Metals Corp.* v. *Bullowa*, 288 N. Y. 78, 81), showed that Remsen's co-ordinator in charge of the work at the site had told plaintiff to use the scaffold, an action which was both a direction under the statute and a furnishing of the scaffold. Hence, the issue should have been determined by the jury. The question as to the liability of Angelo

rests on a different ground. The Trial Term charged there was no evidence to prove that Angelo had provided the use of the scaffold for hire or for profit and that under these circumstances plaintiff was a mere licensee, to whom Angelo owed no greater duty than to warn him against any hidden traps or dangerous condition of which Angelo had knowledge. To this charge plaintiff excepted. If plaintiff was a licensee, the charge was correct. But I think that he was an invitee, to whom Angelo owed the duty of reasonable care (*Cohen v. Josam Constr. Corp.*, 17 A D 2d 253, 255, affd. 13 N Y 2d 1161; *Huston v. Dobson*, 138 App. Div. 810, 814; cf. *Meny v. Carlson*, 6 N. J. 82). In *Galbraith v. Pike & Son* (18 A D 2d 39, 44, *supra*) it was said, in speaking of the liability of a general contractor to an independent contractor, "The immediate use of the scaffold by the decedent in the condition in which it was at the time when Pike lent it to Drew was certainly within the range of what Pike should have anticipated If Pike knew or should have known that the scaffold was then in an unsafe condition, it was liable for the resulting injury under common-law principles (*McGlone v. Angus, Inc.*, 248 N. Y. 197; *Quigley v. Thatcher*, 207 N. Y. 66; cf. *Cohen v. Josam Constr. Corp.*, 17 A D 2d 253)." The evidence before the jury was that the direction of Lambo to plaintiff to use Angelo's scaffold was within the hearing of Angelo's carpenters and that plaintiff did not use the scaffold until Angelo's employees told him it was ready for use. This evidence, if believed by the jury, warranted an instruction that plaintiff was then an invitee of Angelo as the result of the knowledge and the implied invitation of Angelo's employees concerning the use of the scaffold. Hence, plaintiff was entitled to an instruction that under these circumstances he was an invitee toward whom Angelo was obligated to exercise reasonable care. Especially was plaintiff entitled to the benefit of this status, since the Trial Term charged the doctrine of *res ipsa loquitur* — a charge, which in my view, was entirely correct (cf. *Stewart v. Ferguson*, 164 N. Y. 553; *Nixon v. Thompson-Starrett Co.*, 131 App. Div. 152; cf. *Biondini v. Amship Corp.*, 81 Cal. App. 2d 751). For these reasons, I would reverse the judgment and direct a new trial as to both defendants in question.