■ JOSEPH IANNELLI, Appellant, v OLYMPIA & YORK BATTERY PARK Co., Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 2, 1991, which denied his motion for partial summary judgment based upon a violation of Labor Law § 240 (1) against the defendant Olympia & York Battery Park Co. on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion for partial summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1) is granted.

The defendant Olympia & York Battery Park Co. (hereinafter O&Y) was the owner and general contractor of the building complex known as the World Financial Center, which includes a building known as the Winter Garden. The plaintiff was employed as a supervisor and steel inspector by the defendant Neal S. Moreton & Associates (hereinafter Moreton) which was a subcontractor engaged by O&Y to inspect the construction site, including the steel, the bolts, the torquing of the bolts, the "Q decking" which was placed over the steel beams at each floor of the building, the Q-deck welding, and the stud bolts. O&Y also employed the defendant Canron Corp. (hereinafter Canron) as a subcontractor to fabricate and erect the steel for these buildings, including the bolting and torquing of the bolts, and the defendant A.C. Associates as a subcontractor to lay the Q decking on the steel structure.

On the morning of April 13, 1984, the plaintiff was directed to inspect bolts which had been torqued by a Canron employee in the Winter Garden. When the plaintiff arrived, he met Billy Whitehead, Canron's torquer, on the third floor. The Q

decking had been laid flush with the flange of the beam, making it impossible to inspect the bolts from the near side of the beam. Hence, the plaintiff walked along the beam, inspecting the bolts on the far side. As the plaintiff did so, Whitehead was attempting to lift the Q decking so as to expose the bolts on the near side. A piece of Q decking slipped from Whitehead's grasp and struck the plaintiff, knocking him from the beam through an unguarded opening in the third floor to the second floor some 28 feet below.

It is evident from the facts of this case that the plaintiff was exposed to the risks inherent in an elevated work site *(see, Lombardi v Stout,* 80 NY2d 290; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513), and that his work involved the erection of a building *(see, Lombardi v Stout, supra; cf., Jock v Fien,* 80 NY2d 965). Therefore, Labor Law § 240 (1) is applicable and O&Y had the nondelegable duty of furnishing or erecting devices "which shall be so constructed, placed and operated as to give proper protection to a person so employed". There is absolutely no evidence in this case that there were any safety devices in place to prevent the plaintiff from falling from the third floor to the second floor.

O&Y contends that it was not the absence of safety devices (e.g., railings, netting, etc.), but rather the action of Whitehead which was the proximate cause of the plaintiff's injuries. This claim is disingenuous. As Chief Judge Desmond observed in *Joyce v Rumsey Realty Corp.* (17 NY2d 118, 122): "No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury". The foregoing reasoning is equally applicable to the case before us and compels the conclusion that the conduct of Whitehead at most constituted a concurrent cause of the plaintiff's fall. That conduct does not relieve O&Y of its statutory liability under Labor Law § 240 (1).

O&Y's argument that the plaintiff's injuries were the result of his own negligence is similarly without merit. Once the absolute nondelegable duty set forth in Labor Law § 240 (1) has been imposed, any negligence on the part of the injured worker is of no consequence *(see, Rocovich v Consolidated Edison Co., supra,* at 513; *Bland v Manocherian, supra,* at 459-461; *Zimmer v Chemung County Performing Arts, supra,* at 521; *Koenig v Patrick Constr. Corp.,* 298 NY 313).

Finally, there is no merit to O&Y's claim that summary

judgment is inappropriate because the plaintiff was the sole witness to the accident and all of the salient facts are exclusively within his knowledge. It is clear that Whitehead was present at the time of the plaintiff's fall, and none of the defendants has produced any evidence contradicting the plaintiff's version of the accident. Accordingly, the plaintiff is entitled to an award of partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.