██ STEPHEN ELKINS, Appellant, v ROBBINS & COWAN, INC., Defendant and Third-Party Plaintiff-Respondent. VULCAN IRON WORKS, INC., Third-Party Defendant-Respondent. [655 NYS2d 563] —In an action to recover damages for personal injuries, the plaintiff, Stephen Elkins, appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 9, 1996, which denied his motion for partial summary judgment on his cause of action pursuant to Labor Law § 240 (1) on the issue of liability.

Ordered that the order is reversed, on the law, with one bill

of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The plaintiff was an iron welder who was working on a construction project under the control of the defendant third-party plaintiff Robbins & Cowan, Inc. (hereinafter Robbins), the general contractor and the third-party defendant Vulcan Iron Works, Inc., the subcontractor, who was the plaintiff's employer. On this project, the plaintiff's job was to install and set structural steel beams onto concrete walls. There were extension ladders on the worksite, particularly in the area where the plaintiff was working. The plaintiff ascended one of the ladders and then straddled a beam in order to begin setting the steel. The plaintiff began to tighten certain bolts prior to welding the steel beams. As the plaintiff was tightening the bolts, the beam began to roll and the plaintiff then fell to the ground. The plaintiff sought partial summary judgment on the issue of liability in connection with his cause of action pursuant to Labor Law § 240 (1). The plaintiff now appeals from the denial of his motion. We reverse.

Labor Law § 240 (1) imposes absolute liability upon contractors or owners who fail to provide safety devices to workers at worksites and the lack of such devices proximately cause a worker's injuries (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513). A failure to provide any safety device at all constitutes a statutory violation of section 240 (1) as a matter of law (*see, Zimmer v Chemung County Performing Arts, supra*, at 523). However, when some type of safety device is provided, an issue is raised as to whether the safety device provided constituted proper protection under the statute (*see, Kalofonos v State of New York*, 104 AD2d 75). In the case at bar, the plaintiff was provided with numerous ladders, which are safety devices specifically enumerated in the statute. However, those ladders were not provided as safety devices. The ladders at the worksite were not for use by the plaintiff while he was welding and bolting the beam but only for the purpose of ascending to the beams and guiding the beams in place. In order to weld the steel to the wall, the plaintiff was required to be on the beam itself. No other types of safety devices were provided at the worksite for the protection of the plaintiff while he was on the beam. As the general contractor, Robbins was required to furnish proper protection to the plaintiff. As a matter of law, given the absence of any safety devices, Robbins violated its statutory duty under Labor Law

§.240 (1) (*see, Allan v Rochester Inst. of Technology*, 209 AD2d 929; *Iannelli v Olympia & York Battery Park Co.*, 190 AD2d 775).

The plaintiff also established, as a matter of law, that Robbins' statutory violation was the proximate cause of his injuries (*see, Bland v Manocherian*, 66 NY2d 452). Robbins did not provide any evidence that its failure to provide safety equipment was not a proximate cause of the plaintiff's injuries (*see, Zimmer v Chemung County Performing Arts, supra*, at 524). While there was conflicting evidence as to whether the plaintiff's conduct in bolting the beam before he welded it was proper, as well as whether one of the bearing plates, which hold the beams in position, may have been improperly set in the concrete wall, such factors were at most concurrent causes of the plaintiff's fall and as such will not relieve Robbins of liability under Labor Law § 240 (1) (*see, Iannelli v Olympia & York Battery Park Co., supra*, at 776). Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.