■ VINCENZO RUCCOLO, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant, MERIDIAN CONSULTING GROUP, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. CROWN WATERPROOFING, INC., Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [718 NYS2d 649] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated September 16, 1999, as denied his motion for

partial summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1), and the defendant City of New York and the defendant third-party plaintiff, Meridian Consulting Group, Inc., cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action, (2) the defendant third-party plaintiff, Meridian Consulting Group, Inc., appeals from so much of an order of the same court, dated October 15, 1999, as denied that branch of its cross motion which was for conditional contractual indemnification in its favor against the third-party defendant, Crown Waterproofing, Inc., and the third-party defendant, Crown Waterproofing, Inc., cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of City of New York which was for conditional contractual indemnification in favor of the City of New York and against it.

Ordered that the order dated September 16, 1999, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants City of New York and Meridian Consulting Group, Inc., which was for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action and substituting therefor a provision granting that branch of that cross motion; as so modified, the order dated September 16, 1999, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated October 15, 1999, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of Meridian Consulting Group, Inc., and the City of New York which was for conditional contractual indemnification in favor of Meridian Consulting Group, Inc., and against the third-party defendant, Crown Waterproofing, Inc., and substituting therefor a provision granting that branch of that cross motion; as so modified, the order dated October 15, 1999, is affirmed; and it is further,

Ordered that the defendants City of New York and Meridian Consulting Group, Inc., are awarded one bill of costs payable by the plaintiff and the third-party defendant, Crown Waterproofing, Inc.

The Supreme Court properly denied the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), since a question of fact exists as to whether the ladder in question provided proper protection (*see, Rice v PCM Dev. Agency Co.,* 230 AD2d 898).

The court erred, however, in denying that branch of the cross

motion of Meridian Consulting Group, Inc., and the City of New York (hereinafter Meridian), which was for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action. Where the alleged defect or dangerous condition arises from the subcontractor's methods, and the owner and general contractor exert no supervisory control over the work, no liability attaches to the owner or general contractor under the common-law or pursuant to Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876).

Furthermore, the branch of the cross motion of Meridian and the City of New York, which was for summary judgment on Meridian's claim for conditional contractual indemnification against the third-party defendant, Crown Waterproofing, Inc., should have been granted (*see, Mangano v American Stock Exch.*, 234 AD2d 198).

The parties' remaining contentions are either academic, in light of our determination, or without merit. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.