OPINION OF THE COURT
Ariel E. Helen, J.
Defendants and third-party plaintiffs Saha Food Stores *937 (Saha), Pioneer Supermarkets (Pioneer), and 5610 Fifth Realty Corporation (5610) (collectively, defendants) move, pursuant to CPLR 3212, for summary judgment dismissing plaintiff Humphrey Ifill’s (plaintiff) action.
The facts surrounding the instant action are not in dispute. On January 16, 1994, defendants contacted third-party defendant L&D Light and Power Company (L&D) regarding a problem with a circuit breaker in an electrical panel located in the basement of a supermarket owned by defendants (the premises or the store). On January 17, 1994, plaintiff, who was employed as an electrician by L&D, preceded to the premises in order to replace the subject circuit breaker.
When he arrived at the premises, plaintiff asked the store manager, Ramaz Ahmad, for permission to cut the power to the circuit before replacing the breaker. However, Mr. Ahmad refused to grant such permission for fear that perishable foods in the store’s freezers and refrigerators would spoil. Thereafter, plaintiff requested that the owner of the store, Faleh Hadan, be contacted in order to obtain permission to cut the power to the circuit. However, when contacted, Mr. Hadan also refused to grant such permission. Accordingly, plaintiff agreed to replace the circuit breaker with the power remaining on and proceeded to the electrical panel in the store’s basement. According to plaintiff’s deposition testimony, although it was safer to replace the breaker with the power shut down, he had replaced circuit breakers in energized panels on prior occasions.
In order to replace the circuit breaker, plaintiff first removed the cover of the electrical panel in order to expose the wires and determined which breaker needed to be replaced. Plaintiff then detached three wires from the defective breaker, taped them up, and removed the old breaker. Thereafter, plaintiff attempted to install the new circuit breaker but found that certain pins on the back of the breaker were not aligning properly with grooves in the panel. Plaintiff then determined that adjustments would have to be made to these pins if the breaker was to fit properly. Accordingly, plaintiff pulled out the new breaker, and reinserted the old breaker in order to see how the pins aligned themselves. However, when plaintiff reinserted the old breaker, one of its pins bent and made contact with another pin, causing an “electrical flash” to occur. As a result, plaintiff received severe burn injuries to his face and wrist.
*938 By summons and complaint dated September 11, 1996, plaintiff brought the instant action against defendants alleging violations of Labor Law §§ 200 and 241 (6), as well as common-law negligence. Thereafter, defendants commenced a third-party action against L&D seeking indemnification. However, L&D has failed to appear in this action and a default judgment was entered against it by order dated October 28, 1999. All the parties have now been deposed and the instant motion is now before the court.
Plaintiff’s Labor Law § 241 (6) Claim
On the return date for the instant motion, plaintiff’s attorney voluntarily stipulated to withdraw his cause of action under Labor Law § 241 (6). Accordingly, the Court need not address that portion of defendants’ motion seeking to dismiss this claim.
Plaintiff’s Labor Law § 200/Common-Law Negligence Claim
In moving to dismiss plaintiff’s Labor Law § 200/common-law negligence cause of action, defendants maintain that they did not exercise any control or supervision over plaintiff’s work. In addition, defendants contend that plaintiff may not recover under a Labor Law § 200 or common-law negligence theory inasmuch as plaintiff was injured by the very condition which he undertook to repair.
In opposition to defendants’ motion, plaintiff points to the fact that the manager and owner of the store specifically directed him to replace the defective circuit breaker without cutting the power to the electrical panel, and refused plaintiff’s requests to shut down the power. Plaintiff reasons that these actions amounted to control and supervision over his work, and that the accident would not have occurred but for defendants’ directives in this regard.
Unlike a claim under Labor Law § 240 (1) or § 241 (6), “[t]he protection of Labor Law § 200 * * * is not confined to construction work but codifies the common-law duty of an owner or employer to provide employees a safe place to work” (Yong Ju Kim v Herbert Constr. Co., 275 AD2d 709, 712). In order for an owner to be held liable under a Labor Law § 200/common-law negligence cause of action, there must be evidence that the owner controlled or supervised the manner in which the underlying work was performed, or that it created or had notice of the alleged dangerous condition which caused the accident (see, Yong Ju Kim v Herbert Constr. Co., supra, at 712; *939 Kanarvogel v Tops Appliance City, 271 AD2d 409, 411). Where the defect or dangerous condition arises from the worker’s own methods, and the owner exerts no supervisory control over the work, no liability attaches to the owner (see, Ruccolo v City of New York, 278 AD2d 472, 473).
In the instant case, the court finds that there is an issue of fact as to whether or not defendants exercised sufficient control over the methods used by plaintiff in performing the underlying work so as to be held liable under Labor Law § 200/ common-law negligence. In this regard, it is undisputed that the owner and manager of the store insisted that plaintiff perform the underlying electrical work without turning off the power to the electrical panel. This arguably amounted to control over the methods utilized by plaintiff in performing the work in the sense that defendants prevented plaintiff from replacing the circuit breaker using the method that he preferred (i.e, with the circuit de-energized). Similarly, defendants’ directive that plaintiff work with an energized circuit directly affected the methods that he employed to the extent that the procedure for replacing a breaker on a live panel differed from that of replacing the circuit on a deenergized panel.
In the court’s view, defendants’ actions in this regard are analogous to that of an owner of a construction site insisting that a worker perform certain work using a ladder instead of an available scaffold, after the worker requests permission to use the scaffold for the increased safety that it provides. Under such circumstances, it would be inappropriate for the court to award an owner summary judgment dismissing the worker’s Labor Law § 200/common-law negligence claim.
Contrary to defendants’ claim, this is not a case where the accident was caused by the same condition that plaintiff undertook to repair. Plaintiffs injury was not caused by the defective circuit breaker in and of itself. Instead, plaintiffs injury was caused by, among other things, the failure to deenergize the electric panel prior to attempting to replace the breaker. In this regard, it is undisputed that the accident would not have occurred had the power been cut to the control panel (compare, Barnes v Lucas, 234 AD2d 405).
Finally, while it is true that plaintiff agreed to perform the work with the knowledge that the power had not been cut., and there is evidence that plaintiffs own actions in re-inserting the old circuit breaker into the panel also contributed to the accident, these actions do not warrant the dismissal of plaintiffs *940 Labor Law § 200/common-law negligence claim. Instead, these are factors for the jury to weigh in assessing the issue of plaintiffs comparative negligence.
Summary
Accordingly, that portion of defendants’ motion seeking to dismiss plaintiffs Labor Law § 241 (6) cause of action is granted pursuant to plaintiffs written stipulation withdrawing this claim. That portion of defendants’ motion seeking to dismiss plaintiffs Labor Law § 200/common-law negligence claim is denied.