■ TODD SEGARRA, Appellant-Respondent, v ALL BOROUGHS DEMOLITION & REMOVAL et al., Respondents, NORTH SHORE CHEVROLET, Also Known as NORTH SHORE FLUSHING, INC., et

al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Ozone Demolition Corp., Third-Party Defendant-Respondent. [725 NYS2d 559] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated February 14, 2000, as denied his cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and the defendants third-party plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the causes of action to recover damages based on common-law negligence insofar as asserted against them, and for a conditional order of common-law indemnification against the defendant Associated Development Corp. and the third-party defendant Ozone Demolition Corp.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff payable by the defendants third-party plaintiffs.

The plaintiff established his prima facie entitlement to partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). He submitted evidence indicating that while working in a house undergoing demolition, he fell through a hole in the floor beneath him and that he had not been provided with any safety devices to help prevent or break his fall (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Robertti v Chang,* 227 AD2d 542; *Richardson v Matarese,* 206 AD2d 353; *Birbilis v Rapp,* 205 AD2d 569). The evidence offered by the defendants to refute the testimony of the plaintiff and the nonparty witness as to the circumstances of the accident constituted mere speculation and inadmissible hearsay and, as such, was insufficient to establish the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 560; *Bras v Atlas Constr. Corp.,* 166 AD2d 401). Consequently, the Supreme Court erred in denying the plaintiff partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Summary judgment dismissing the plaintiff's common-law negligence claims against the defendants third-party plaintiffs (hereinafter the property owners) was properly denied. There is a question of fact as to the property owners' responsibility for the structural condition that allegedly caused the accident (*see, Farrell v Okeic,* 266 AD2d 892; *Crowther v City of New York,* 262 AD2d 519, 521).

Finally, that branch of the property owners' motion which was for summary judgment on the issue of indemnification was properly denied as well. An owner is not entitled to common-law indemnification where it bears some percentage of fault for the happening of the accident (see, Cruz v Kowal Indus., 267 AD2d 271; Marte v St. John's Univ., 249 AD2d 373). Here, there remains a question as to whether the property owners bear some responsibility for the accident. Altman, J. P., Friedmann, Luciano and H. Miller, JJ., concur.