■ Leroy Taeschner, Appellant-Respondent, v M & M Restorations, Ltd., et al., Respondents-Appellants, et al., Defendant. [745 NYS2d 41] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of Supreme Court, Richmond County (Minardo, J.), entered May 31, 2001, as denied his motion for partial summary judgment on his cause of action pursuant to Labor Law § 240 on the issue of liability against the defendant M & M Restorations, Ltd., (2) the defendant M & M

Restorations, Ltd., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment on the issue of common-law indemnification against the defendant Bam Bam Construction Corp. and (3) the defendant Bam Bam Construction Corp. cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion, and substituting thereof a provision granting the plaintiff's motion, and (2) by deleting the provision thereof denying the motion of the defendant M & M Restoration, Ltd., and substituting therefor a provision granting its motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff was a carpenter engaged in constructing a building on which the defendant M & M Restoration, Ltd. (hereinafter M & M), was the general contractor. M & M subcontracted the framing and sheathing of the building to the defendant Bam Bam Construction Corp. (hereinafter Bam Bam). In turn, Bam Bam subcontracted the sheathing of the building to Trebor Don Construction, the plaintiff's employer. The plaintiff, while working on the building's roof, lost his balance and fell about 21 feet to the ground.

Labor Law § 240 (1) imposes absolute liability upon a contractor or owner who fails to provide safety devices to a worker at an elevated work site where the lack of such devices is a substantial factor in causing that worker's injuries (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513). A failure to provide any safety device at all constitutes a statutory violation of Labor Law § 240 (1) as a matter of law (*see Elkins v Robbins & Cowan*, 237 AD2d 404). The plaintiff, in support of its motion for summary judgment on the issue of liability against M & M, established a prima facie violation of Labor Law § 240 (1) by presenting evidence that no safety devices were provided at the time of the accident.

M & M failed to raise a triable issue of fact as to its liability because there was no evidence that the ladder used by the plaintiff to reach the roof was provided as a safety device (*see Elkins v Robbins & Cowan, supra* at 405). M & M's remaining contentions regarding the presence of safety devices onsite at the time of the accident are purely speculative. Accordingly, partial summary judgment in favor of the plaintiff and against the defendant M & M should have been granted (*see Iannelli v Olympia & York Battery Park Co.*, 190 AD2d 775).

The Supreme Court also improperly denied M & M's cross motion for summary judgment against Bam Bam on the issue of common-law indemnification. Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and, thus its liability is purely vicarious (*see Charles v Eisenberg,* 250 AD2d 801). Although M & M's representatives visited the construction site to check on the progress of the work, the record contains no evidence that M & M maintained any direction or control over the safety aspects of the work or the manner in which the plaintiff carried out his tasks (*see Charles v Eisenberg, supra* at 802-803). A subcontractor may be obligated to indemnify under the common law upon proof that its actual negligence caused an accident, but it can also be held liable where it had the authority to direct, supervise and control the work giving rise to the injury (*see Hernandez v Two E. End Ave. Apt. Corp.,* 271 AD2d 570; *Lapi v Rosewood Home Bldrs.,* 256 AD2d 1008). In this case, the record demonstrates that Bam Bam had the authority to control the work being performed by the plaintiff when he was injured, and, consequently, it is obligated to indemnify M & M (*cf. Russin v Picciano & Son,* 54 NY2d 311, 317-318; *Nowak v Smith & Mahoney,* 110 AD2d 288, 289-290).

Contrary to Bam Bam's contention, it is not entitled to summary judgment dismissing the complaint insofar as asserted against it (*cf. Russin v Picciano & Son, supra*; *Nowak v Smith & Mahoney, supra*). Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.