■ RYSZARD DANIELEWSKI, Respondent, v KENYON REALTY Co., LLC, Appellant. [770 NYS2d 97]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated April 24, 2003, as granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied that branch of its cross motion which was for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant contracted with the plaintiff's employer to remove a water tank from the roof of the defendant's building and replace it with a new tank. At the time of the plaintiff's accident, the old tank had been dismantled, but work remained to be done on the erection of the new tank. The plaintiff and his

coworkers were using the roof of an elevator mechanical room adjacent to the water tank as a staging area for the lumber and equipment they were using on the job. The plaintiff was lowering tools from the roof of the mechanical room to the building roof at the end of a workday, so that the tools could be stored until work on the water tank resumed, when he slipped on a rain-slicked surface at the edge of the mechanical room roof and fell 12 feet to the building roof below, sustaining injuries. There was no rail or barricade at the perimeter of the mechanical room roof, and no lifelines, safety harnesses, or safety nets were present anywhere on the work site.

Section 240 (1) of the Labor Law requires contractors and property owners, "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," to provide specified safety devices to give "proper protection" from elevation-related hazards to "a person so employed" (Labor Law § 240 [1]; see Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991]). The plaintiff was employed in the construction of the water tank at the time of his accident, and the work he was performing was part of that construction project (see Covey v Iroquois Gas Transmission Sys., 89 NY2d 952, 954 [1997]). Thus, contrary to the defendant's contention, the defendant may be liable for the plaintiff's injuries, " 'despite the fact that the particular job being performed at the moment plaintiff was injured did not in and of itself constitute construction' " (Campisi v Epos Contr. Corp., 299 AD2d 4, 6 [2002], quoting Covey v Iroquois Gas Transmission Sys., 218 AD2d 197, 199 [1996], affd 89 NY2d 952 [1997]; see O'Connor v Lincoln Metrocenter Partners, 266 AD2d 60 [1999]; Birbilis v Rapp, 205 AD2d 569 [1994]).

The plaintiff, in support of his motion for summary judgment, established a prima facie case by presenting evidence that no safety devices were provided at the time of the accident (see Zimmer v Chemung County Performing Arts, 65 NY2d 513 [1985]). Because the defendant did not raise any triable issue of fact as to this issue, summary judgment was properly granted to the plaintiff (see Zimmer v Chemung County Performing Arts, supra at 524; Taeschner v M & M Restorations, 295 AD2d 598 [2002]; Elkins v Robbins & Cowan, 237 AD2d 404 [1997]).

The defendant's remaining contentions are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.