■ AMERICO SPAGNUOLO, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, and BOVIS LEND LEASE, INC., Respondent, et al., Defendant. [778 NYS2d 23]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 2, 2003, which denied that part of defendant Port Authority's motion for summary judgment seeking to dismiss plaintiff's claims under Labor Law §§ 200 and 240 (1) and for common-law negligence, unanimously affirmed, without costs.

Plaintiff was employed by a subcontractor hired to assist in the recovery and cleanup efforts at the World Trade Center site following the September 11 terrorist attack in 2001. During this operation, a 600-pound tank of liquid oxygen, used by iron workers to burn steel, fell on his leg from an unstable surface of debris and rubble. Plaintiff alleged that the Port Authority, as fee owner of the site, was liable under various sections of the Labor Law.

The Port Authority asserts it was divested by the City of possession and control of the site following the attack, and did not undertake, authorize, supervise or control any debris-removal work at Ground Zero during the post-September 11 period. However, in its capacity as fee owner of the World Trade Center, the Port Authority could still be held liable for plaintiff's injuries under section 240 (1), even if it did not possess the site at the time of plaintiff's accident and may not have actually contracted for the demolition and debris-removal work. Liability under section 240 (1) rests on the fact of ownership, and whether the owner has contracted for the work or benefitted from it is legally irrelevant (Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]).

As to the claims under section 200 and for common-law

negligence, the record reveals that the Port Authority did have employees on site on a daily basis, at or near the location where plaintiff worked, who spoke to him and his foreman about the work being performed and directed him and other laborers regarding specific tasks. Thus, at this juncture, without the benefit of discovery, there are questions of fact regarding the extent to which the Port Authority controlled plaintiff's activities at the work site (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Rizzo v HRH Constr. Corp.*, 301 AD2d 426 [2003]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.