(November 22, 2004)

■ MARCOS AGUILAR et al., Appellants-Respondents, v HENRY MARINE SERVICE, INC., Respondent-Appellant, et al., Defendants. [785 NYS2d 95]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated June 19, 2003, as denied their cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against the defendant Henry Marine Service, Inc., and the defendant Henry Marine Service, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs commenced this action to recover damages arising out of a construction-site accident that occurred on December 12, 2001. The plaintiff Marcos Aguilar (hereinafter

the plaintiff) was employed by Tottenville Marina, Inc., which had been engaged by the defendant Henry Marine Service, Inc. (hereinafter the defendant), to perform dry dock services on the Robert IV, a tugboat owned by the defendant. The plaintiff was injured when he tripped on a hose and fell over the side of the vessel at an area from which the bulwark, i.e., the wall surrounding the vessel's deck, had been removed. The plaintiff fell approximately 15 to 20 feet to the ground below.

The plaintiff, through his employer, was performing under a contract requiring a land-based alteration of a vessel, an activity covered by Labor Law § 240 (1) (*see Cammon v City of New York,* 95 NY2d 583 [2000]; *see also Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878, 881 [2003]). The plaintiff's deposition testimony established that he was altering a structure at an elevated work site from which he fell and that his injuries were proximately caused by the defendant's failure to provide him with safety devices in violation of Labor Law § 240 (1). The plaintiffs thereby established their prima facie entitlement to summary judgment on the Labor Law § 240 (1) cause of action (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]; *Taeschner v M & M Restorations,* 295 AD2d 598, 599 [2002]). The defendant failed to offer evidence sufficient to raise a triable issue of fact. The conclusory description made by the defendant's president of the work as mere routine maintenance did not raise an issue of fact (*see Joblon v Solow,* 91 NY2d 457, 465 [1998]; *Segarra v All Boroughs Demolition & Removal,* 284 AD2d 321, 322 [2001]). Consequently, the Supreme Court erred in denying the plaintiffs' cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against the defendant.

In deciding whether the plaintiff's work on the Robert IV constituted an alteration of the vessel within the contemplation of Labor Law § 240 (1), we must examine the totality of the work done on the project to determine whether it resulted in a significant physical change to the vessel (*see Joblon v Solow, supra* at 465; *Prats v Port Auth. of N.Y. & N.J., supra* at 881-882; *see also Mannes v Kamber Mgt.,* 284 AD2d 310, 311 [2001]). The defendant's president itemized the work actually to be performed on the Robert IV to include the removal and replacement of the bulwark, reconditioning the wheels and shafts, installing new fendering, engine overhaul, painting and zincs, tank cleaning, and installing new deck winches, all of which was expected to take several weeks to complete. Notwithstanding the president's self-serving description of the work as rou-

tine maintenance, such an extensive overhaul can hardly be characterized as an insignificant physical change to the vessel (*compare Prats v Port Auth. of N.Y. & N.J., supra* at 882 [constructing and leveling floors meets the threshold for altering]; *Panek v County of Albany,* 99 NY2d 452, 456-458 [2003] [alteration includes removal of air handlers in preparation for demolition of building]; *Joblon v Solow, supra* at 458 [drilling through concrete to create a conduit for electrical wiring constitutes alteration]; *Smith v Shell Oil Co.,* 85 NY2d 1000 [1995] [changing a light bulb is routine maintenance]; *Rogala v Van Bourgondien,* 263 AD2d 535, 536 [1999] [installing and or replacing screens considered routine maintenance]).

The defendant's contention that the plaintiff was a mere helper retrieving tools or equipment for the welders is similarly unavailing. "[J]ob titles are not dispositive" (*Prats v Port Auth. of N.Y. & N.J., supra* at 882). Even assuming that the plaintiff was not a welder, but merely a laborer, the facts established that the "[plaintiff] was a member of a team that undertook an enumerated activity under a construction contract" with the defendant owner of the vessel (*id.* at 882). Since the plaintiff was walking to retrieve additional solder, he was "performing duties ancillary" to the repair, reconstruction, or alteration of the bulwark, and as such, was entitled to the protection of Labor Law § 240 (1) (*id.; see Danielewski v Kenyon Realty Co.,* 2 AD3d 666 [2003]; *Merante v IBM,* 169 AD2d 710 [1991]). To myopically focus on a job title or the plaintiff's activities at the "moment of the injury" would be to ignore the totality of the circumstances in which the plaintiff and his employer were engaged in contravention of the "spirit of the statute" (*Prats v Port Auth. of N.Y. & N.J., supra* at 882) which requires a liberal construction in order to accomplish its purpose of protecting workers (*see Quigley v Thatcher,* 207 NY 66, 68 [1912]; *see also Joblon v Solow, supra* at 463, *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559 [1993]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.