[821 NE2d 941, 788 NYS2d 637]

James R. Beehner et al., Appellants, v Eckerd Corporation, Respondent.

Decided November 30, 2004

APPEARANCES OF COUNSEL

*Alexander & Catalano, LLP*, Syracuse (*Benjamin C. Rabin* of counsel), for appellants.

*Smith, Sovik, Kendrick & Sugnet, P.C.*, Syracuse (*Gabrielle Mardany Hope* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.

The Appellate Division correctly determined that plaintiff's work on the air conditioning unit inside defendant's store constituted "repair" work under Labor Law § 240 (1). The repair work, however, had ended before plaintiff's injury. The activity plaintiff was engaged in at the time of his injury—retrieval of serial and model numbers from the unit and postrepair inspection—was not repair work. In *Martinez v City of New York* (93 NY2d 322 [1999]), we held that an injury that occurred during inspection and before an enumerated activity began was not within the purview of section 240 (1). Similarly, the statute does not cover an injury occurring after an enumerated activity is complete. In *Prats v Port Auth. of N.Y. & N.J.* (100 NY2d 878 [2003]), the Court allowed a section 240 (1) claim when alteration work was on-going. We will not "isolate the moment of injury" (*id.* at 882), but here as in *Martinez*, there is a bright line separating the enumerated and nonenumerated work.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.