■ JOSEPH PERITORE, Appellant, v DON-ALAN REALTY ASSOCIATES, INC., et al., Respondents, et al., Defendant. [796 NYS2d 674]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 17, 2003, as denied his motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Don-Alan Realty Associates, Inc., and Daniel Bodzin, executor of the estate of Janet Bodzin, and granted that branch of the cross motion of the defendants Don-Alan Realty Associates, Inc., and Daniel Bodzin, executor of the estate of Janet Bodzin, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Don-Alan Realty Associates, Inc., and Daniel Bodzin, executor of the estate of Janet Bodzin, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against

them and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, an employee of a plumbing contractor, was injured when he fell from a ladder while performing construction work at a building located in Long Island City which was owned by the estate of Janet Bodzin (hereinafter the owner), and managed by Don-Alan Realty Associates, Inc. (hereinafter the managing agent). Following his accident, the plaintiff commenced this action against, among others, the owner and managing agent of the premises, seeking to recover damages, inter alia, for violation of Labor Law § 240 (1). The plaintiff subsequently moved for summary judgment against the owner and managing agent on the cause of action alleging a violation of Labor Law § 240 (1), and the owner and the managing agent cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they had not entered into a contract with the plaintiff's employer to perform work at the premises. The Supreme Court denied the plaintiff's motion and granted the cross motion. On appeal, the plaintiff contends that the Supreme Court erred in denying his motion and in granting that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the owner and managing agent. We modify.

To invoke the protections afforded by Labor Law § 240 (1) and to come within the special class for whose benefit absolute liability is imposed, a plaintiff must demonstrate that "he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it [the] owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839 [1996]). Since liability under Labor Law § 240 (1) rests upon the fact of ownership, issues as to whether the owner has "contracted for the work or benefitted from it are legally irrelevant" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]; *see Spagnuolo v Port Auth. of N.Y. & N.J.*, 8 AD3d 64 [2004]). Here, since the record discloses an issue of fact as to whether the plaintiff's employer was hired to perform construction work at the premises, the Supreme Court erred in dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the owner and managing agent based upon their claim that they did not contract for such work.

However, we reject the plaintiff's contention that he was entitled to summary judgment on his cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the owner and managing agent. Although the plaintiff's work exposed him to an elevation-related risk within the meaning of Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Latino v Nolan & Taylor-Howe Funeral Home,* 300 AD2d 631 [2002]), issues of fact exist as to whether he was provided with proper protection (*see Ruccolo v City of New York,* 278 AD2d 472 [2000]; *Vessio v Ador Converting & Biasing, Inc.,* 215 AD2d 648 [1995]; *Walsh v Applied Digital Data Sys.,* 190 AD2d 731 [1993]). H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.