■ Rubin Reinoso, Respondent, v Ornstein Layton Management, Inc., et al., Defendants, and OL Miller Place, LLC, Appellant. (And a Third-Party Action.) [798 NYS2d 95]—

In an action to recover damages for personal injuries, the defendant OL Miller Place, LLC, appeals from an order of the Supreme Court, Queens County (Golar, J.), dated May 19, 2004, which granted that branch of the plaintiff's motion which was for partial summary judgment against it on the issue of liability on the cause of action to recover damages based upon violation of Labor Law § 240 (1), and denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and based upon violation of Labor Law § 200 insofar as asserted against the appellant, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The purpose of Labor Law § 240 (1) is to protect workers from elevation-related risks (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 284-285 [2003]; *Joblon v Solow,* 91 NY2d 457, 463 [1998]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 511 [1991]; *Munoz v DJZ Realty, LLC,* 15 AD3d 363 [2005]). To establish liability under Labor Law § 240 (1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 287-289; *Rocovich v Consolidated Edison Co., supra* at 513).

The plaintiff established his prima facie entitlement to partial summary judgment on the issue of liability under Labor Law § 240 (1) by demonstrating that he was exposed to elevation-related risks for which no safety devices were provided, and that such failure resulted in his fall and was a proximate cause of his injuries (*see Taeschner v M & M Restorations,* 295 AD2d 598 [2002]; *Elkins v Robbins & Cowan,* 237 AD2d 404 [1997]). In opposition, the appellant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for partial summary judgment against the appellant on the issue of liability on that cause of

action and properly denied that branch of the appellant's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Labor Law § 241 (6) imposes a "nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Dickson v Fantis Foods*, 235 AD2d 452 [1997]). To recover on a cause of action alleging a violation Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505).

The appellant did not establish its prima facie entitlement to summary judgment dismissing the cause of action based upon a violation of Labor Law § 241 (6), since there is an issue of fact as to whether its alleged violation of 12 NYCRR 23-1.7 (b), which sets forth a specific safety standard, is applicable to the facts of this case. Therefore, the Supreme Court properly denied that branch of the appellant's cross motion which was for summary judgment dismissing that cause of action.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp., supra* at 877; *Russin v Picciano & Son*, 54 NY2d 311, 316-317 [1981]). However, there is no liability under the common-law or Labor Law § 200 unless the owner or general contractor exercised supervision or control over the work performed (*see Comes v New York State Elec. & Gas Corp., supra* at 877; *Russin v Picciano & Son, supra* at 317; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 558 [2002]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). The appellant established its prima facie entitlement to summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 by demonstrating that it did not exercise any supervision or control over the work being performed. In fact, the plaintiff conceded in his opposition papers that the appellant did not exercise the necessary control over the work performed to sustain those causes of action. Therefore, the Supreme Court erred in denying that branch of the appellant's cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 (*see Woods v Gonzales*, 295 AD2d 602 [2002]; *Bright*

*v Orange & Rockland Util.*, 284 AD2d 359 [2001]). Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.