■ MIGUEL LIJO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [818 NYS2d 569]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kerrigan, J.), entered March 25, 2005, as, upon the granting of the motion of the defendant City of New York, joined by the defendant Consolidated Edison Company of New York, Inc., for summary judgment dismissing the cause of action based on Labor Law § 240 (1), and upon a jury verdict, is in favor of the defendants and against them dismissing that cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the motion is denied, the cause of action to recover damages based on Labor Law § 240 (1) is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial limited to that cause of action, with costs to abide the event.

The City of New York contracted with the employer of the

injured plaintiff (hereinafter the plaintiff) to reconstruct and repair sewer pipes. Pursuant to the contract, the plaintiff worked for three months on an underground sewer repair project in Queens. Two days prior to the plaintiff's accident, a backhoe used on the project to dig in the street came into contact with some overhead electrical wires. As a result, one of the wires was hanging low because it fell off a metal hook on the side of a private home. On the final day of work at the site, the plaintiff had another worker elevate him in the bucket of a backhoe in an attempt to reconnect the wire to the metal hook of the house. Unfortunately, he lost his balance and fell 25 feet from the bucket to the ground.

Contrary to the determination of the Supreme Court, the plaintiff was employed in the repair or alteration of the sewer line at the time of his accident and the work he was performing was ancillary to those acts (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]; *Aguilar v Henry Mar. Serv., Inc.*, 12 AD3d 542, 544 [2004]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666, 667 [2003]). "[I]t is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work. The intent of the statute was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (*Prats v Port Auth. of N.Y. & N.J., supra* at 882). Here, at the time of the accident, the plaintiff and his coworkers were still in the process of finishing the restoration phase of the sewer repair project (*see Prats v Port Auth. of N.Y. & N.J., supra* at 882; *cf. Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]). The street excavation was still being backfilled with asphalt and there is a triable issue of fact as to whether reattaching the wire to the hook was required as part of the plaintiff's employer's contract with the City. Certainly, there is no "bright line separating the enumerated and nonenumerated work" (*Beehner v Eckerd Corp., supra* at 752).

Additionally, there are triable issues of fact as to whether the defendant Consolidated Edison Company of New York, Inc., can be considered an owner, contractor, or agent for purposes of liability under labor Law § 240 (1) (*see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Nienajadlo v Infomart N.Y., LLC*, 19 AD3d 384, 385 [2005]). Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.