■ STEVEN DESTEFANO et al., Respondents, v CITY OF NEW YORK, Appellant. [835 NYS2d 275]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 29, 2005, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and granted the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant, the City of New York, hired the employer of the plaintiff Steven Destefano (hereinafter the plaintiff) to install a temporary boiler at a building owned by the City. The temporary boiler was housed in a mobile unit on the street outside the building. During the installation process, the plaintiff ascended a ladder to disconnect industrial hoses from the temporary boiler. In the process of detaching one of the hoses, the plaintiff fell from the ladder.

The City's contention that the plaintiff was not entitled to the protections of Labor Law § 240 (1) because of the nature of his task at the time of the accident is without merit. The record discloses that the installation of the temporary boiler involved acts which were alterations to the building, and that the work which the plaintiff was performing at the time of the accident was ancillary to such acts. Accordingly, the accident comes within the purview of Labor Law § 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960 [1998]; *Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Lijo v City of New York*, 31 AD3d 503, 504 [2006]; *Aguilar v Henry Mar. Serv., Inc.*, 12 AD3d 542, 544 [2004]; *Vessio v Ador Converting & Biasing*, 215 AD2d 648 [1995]; *Kinsler v Lu-Four Assoc.*, 215 AD2d 631, 632 [1995]).

However, liability cannot be imposed under Labor Law § 240 (1) where "there is no evidence of violation and the proof reveals that the plaintiff's own negligence was the sole proximate cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *see Weininger v Hagedorn & Co.*, *supra*; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]). Here, there remain questions of fact regarding the manner in which the plaintiff used the subject ladder. In particular, it is unresolved whether the plaintiff fully opened the ladder or simply leaned it up against the mobile unit. Accordingly, under such circumstances, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus he was not entitled to summary judgment on the cause of action for a violation of Labor Law § 240 (1) (*see Durkin v Long Is. Power Auth.*, 37 AD3d 400 [2007]; *Peritore v Don-Alan Realty Assoc., Inc.*, 18 AD3d 846, 848 [2005]; *Costello v Hapco*

*Realty*, 305 AD2d 445 [2003]). Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur. [*See* 10 Misc 3d 508 (2005.]