Ecuador Intriago, Appellant, v City of New York et al., Respondents, et al., Defendant. [845 NYS2d 93]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), entered June 23, 2006, as denied that branch of his motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action insofar as asserted against the defendants City of New York, New York City Department of Design and Construction, New York City School Construction Authority, and WDF, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was assigned to perform asbestos abatement work in a boiler room of a New York City public school. In preparing to do so, the plaintiff hung plastic sheets along the wall of the boiler room, a task which required the use of a ladder. According to the plaintiff, he was provided with several A-frame ladders of varying heights. He selected the smallest ladder and opened it only partially, leaving its hinges unlocked, because a "boiler" behind him prevented him from fully opening the ladder. While using the ladder in this manner, it closed, causing him to lose his balance and fall to the ground.

The plaintiff acknowledged that he did not properly use the A-frame ladder. Moreover, the plaintiff failed to submit evidence of the dimensions of the space in which he partially opened the ladder or the dimensions of the ladder. Thus, the plaintiff's conclusory assertion that he was unable to fully open the ladder failed to establish, prima facie, that the ladder was insufficient to provide proper protection from an elevation-related hazard. In light of the foregoing, the plaintiff did not establish his entitlement to judgment as a matter of law on his cause of action pursuant to Labor Law § 240 (1) (see Destefano v City of New York, 39 AD3d 581, 582 [2007]; Meade v Rock-McGraw,

*Inc.*, 307 AD2d 156 [2003]). Accordingly, without examining the sufficiency of the respondents' opposition papers, we conclude that the branch of the plaintiff's motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action was properly denied (*see Casanova v Hamilton-Sharp Props., LLC*, 12 AD3d 632 [2004]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.