JAMES TRIOLA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [880 NYS2d 126]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated May 30, 2008, which granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The injured plaintiff, James Triola (hereinafter the plaintiff), alleges that, on October 16, 2007, while employed as a laborer at the South Wharf extension construction project in Staten Island, he sustained injuries as a result of the defendants' violation of Labor Law § 240 (1). The plaintiff had been assigned the task of cleaning out sand inside steel tube pilings, which measured approximately three feet in diameter, and were embedded deep into the river bed of the Arthur Kill. To reach the work area, the plaintiff was required to walk out on wooden plank

scaffolds and onto precast concrete beams set on the pilings at differing heights, from which tightly-packed shafts of hooked steel reinforcing bar (hereinafter rebar) protruded at various heights. Prior to beginning his task, the plaintiff had been provided with a life preserver, but not with any device to help him negotiate the height differentials between the various precast concrete beams that he had to traverse to reach the pilings he was assigned to clean. The plaintiff allegedly tore his left bicep tendon when he attempted to lower himself from one concrete beam to the next, and caught his glove on a piece of rebar, which left him dangling 6 to 12 inches above the next concrete beam.

Thereafter, the plaintiff, with his then-wife suing derivatively, commenced the instant action to recover damages for personal injuries. After joinder of issue and discovery, the plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), asserting that the defendants were liable as a matter of law for their failure to provide the plaintiff with any safety equipment protecting him from the risks inherent to the elevated work site. The defendants opposed the motion on the ground that the hazard in this case was not elevation-related, and, thus, that Labor Law § 240 (1) was inapplicable. The defendants further contended that the plaintiff caused his own injuries by attempting to jump down from one concrete beam to another. The Supreme Court granted the plaintiffs' motion. The defendants appeal and we affirm.

Contrary to the defendants' contention, the plaintiff was engaged in the type of activity protected by Labor Law § 240 (1) since his work involved an elevation-related risk that exposed him to gravity-related hazards. In particular, the plaintiff was working upon a pier that was a raised surface that was itself further elevated above the river by precast concrete beams of varying heights (see Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978 [2003]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; Dooley v Peerless Importers, Inc., 42 AD3d 199, 203-204 [2007]; cf. Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]).

Further, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) with evidence that the plaintiff was not provided with any adequate or appropriate safety devices, and that such failure was the proximate cause of his injuries (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523 [1985]; Cavanagh v Mega Contr., Inc., 34 AD3d 411 [2006]; Reinoso v Ornstein

*Layton Mgt., Inc.*, 19 AD3d 678, 678 [2005]; *Danielewski v Kenyon Realty Co.*, 2 AD3d 666, 667 [2003]; *Taeschner v M & M Restorations*, 295 AD2d 598, 599 [2002]; *Segarra v All Boroughs Demolition & Removal*, 284 AD2d 321, 322 [2001]; *cf. Capolino v Judlau Contr., Inc.*, 46 AD3d 733, 734 [2007]). Moreover, where, as here, a violation of Labor Law § 240 (1) is a proximate cause of an accident, the worker's conduct, of necessity, cannot be deemed the sole proximate cause (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 696 [2006]).

In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.