In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 16, 2010, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summaiy judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted.
After the garage door of the defendants’ three-family dwelling allegedly was damaged by a neighbor and rendered inoperable, the defendant Bi Yu Zhang hired an individual contractor to repair the garage door, who in turn hired the plaintiff to assist him. During the repair work, the plaintiff stood upon a four-foot, A-frame ladder, which the plaintiff described as old, shaky, and unsteady. According to the plaintiff, at some point while he was standing on the second of the ladder’s three rungs, the ladder twisted, bent, and collapsed, causing him to fall and sustain injuries. The plaintiff commenced this action to recover damages for personal injuries against the three defendant homeowners, asserting causes of action under common-law negligence and Labor Law §§ 200, 240 (1) and § 241. After joinder of issue and completion of discovery, the plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. The Supreme Court denied the motion, finding that the plaintiff failed to establish, prima facie, that the ladder *559 was defective or that he was directed to use the ladder even though it was defective. The plaintiff appeals. We reverse.
The deposition testimony of the plaintiff submitted in support of the motion demonstrated that the ladder provided to the plaintiff at the work site collapsed. Such evidence “constitutes a prima facie showing that [Labor Law § 240 (1)] was violated and that the violation was a proximate cause of the worker’s injuries, thereby establishing the [plaintiff’s] entitlement to judgment as a matter of law on the issue of liability” (Dos Santos v State of New York, 300 AD2d 434 [2002]; see Panek v County of Albany, 99 NY2d 452, 458 [2003]; Tapia v Mario Genovesi & Sons, Inc., 72 AD3d 800 [2010]; Kok Choy Yeen v NWE Corp., 37 AD3d 547, 549 [2007]; Canino v Electronic Tech. Co., 28 AD3d 932, 933 [2006]). In opposition to the plaintiff’s prima facie showing, the defendants failed to raise a triable issue of fact as to whether a violation occurred or whether such violation was a proximate cause of the plaintiffs injuries (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985]; Danielewski v Kenyon Realty Co., 2 AD3d 666 [2003]; Taeschner v M & M Restorations, 295 AD2d 598, 599 [2002]). Accordingly, the Supreme Court should have granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
The defendants’ remaining contention is raised for the first time on appeal and, therefore, is not properly before this Court (see Aristides v Foster, 73 AD3d 1105 [2010]). Dillon, J.R, Dickerson, Lott and Austin, JJ., concur.