■ JESEENTHA JOY, as Administratrix of the Estate of JOY ANTONY, Deceased, et al., Respondents, v CITY OF NEW YORK, Appellant. [794 NYS2d 40]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 14, 2004, which denied defendant's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim and sua sponte ordered that the City produce a nonparty witness, unanimously reversed, on the law, without costs, the section 241 (6) claim dismissed and the discovery order vacated. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The fatal injury to plaintiff's deceased, a subway signal maintenance employee, did not fall within the ambit of Labor Law § 241 (6), since it did not occur in the course of "construction, excavation or demolition work." The record clearly shows that the task the decedent was performing at the time of his injury— testing and inspecting a signal—was in the nature of routine maintenance undertaken over two months after the construction project. Repair of the signal by installation of a track circuit wire was completed by a separate division of the Transit Authority (*see Beehner v Eckerd Corp.*, 3 NY3d 751 [2004]; *Martinez v City of New York*, 93 NY2d 322 [1999]). As a consequence, Supreme Court's discovery order, which sought the production of evidence on the issue of whether the decedent was engaged in construction work at the time of his death, is rendered aca-

demic. Concur—Mazzarelli, J.P., Sullivan, Williams, Gonzalez, Catterson, JJ.