■ BENIGNO POL et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant. [2 NYS3d 895]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 7, 2013, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as predicated upon Industrial Code (12 NYCRR) § 23-3.3 (c), and denied the motion as to the section 241 (6) claim predicated upon 12 NYCRR 23-1.10 (a), unanimously modified, on the law, the motion granted as to the claim predicated upon 12 NYCRR 23-1.10 (a), and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff Benigno Pol was injured during the course of replacing a component of the subway track system that allows trains to switch tracks. Dismissal of that part of the Labor Law § 241 (6) claim predicated upon 12 NYCRR 23-3.3 (c) was proper because the work plaintiff was engaged in did not constitute demolition work as defined by the Industrial Code (*see* 12 NYCRR 23-1.4 [b] [16]), and therefore 12 NYCRR 23-3.3 (c) is inapplicable (*cf. Medina v City of New York*, 87 AD3d 907 [1st Dept 2011]; *see also Joy v City of New York*, 17 AD3d 300 [1st Dept 2005], *lv denied* 5 NY3d 707 [2005]).

The claim insofar as it is predicated upon 12 NYCRR 23-1.10 (a) should have also been dismissed because the tools being used by plaintiff and his partner had flat and/or round edges, and thus, that section of the Industrial Code is inapplicable to the facts of this case. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.