■ ALPHA INVESTORS, LLC, Appellant, v KATHLEEN McGOLDRICK et al., Defendants, and US BANK NATIONAL ASSOCIATION, as Trustee for the STRUCTURED ASSET INVESTMENT LOAN TRUST 2005-8, Respondent. [59 NYS3d 33]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 23, 2015, which granted that branch of the motion of the defendant US Bank National Association as Trustee for the Structured Asset Investment Loan Trust 2005-8 which was for summary judgment on its third counterclaim for a judgment declaring that the plaintiff's mortgage on the subject property was invalid, and directing the Clerk of Nassau County to cancel the mortgage.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject mortgage is invalid and directing the Clerk of Nassau County to cancel the mortgage.

On June 6, 2005, Joseph McGoldrick executed a note in favor of Corey Margulefsky in the sum of $140,000. As security for the note, McGoldrick and his wife gave a mortgage on the subject premises. The mortgage was recorded on June 14, 2005. Margulefsky subsequently assigned the note and mortgage to Gnossis V, LLC, which in turn assigned it to the plaintiff.

On June 7, 2005, McGoldrick executed a note promising to

repay the sum of $600,000 to New Century Mortgage Corporation (hereinafter New Century) and, as security, together with his wife, gave a mortgage on the subject premises to New Century. The mortgage was recorded on June 22, 2005. New Century subsequently assigned the note and mortgage to the defendant US Bank National Association as Trustee for the Structured Asset Investment Loan Trust 2005-8 (hereinafter the defendant).

In June 2012, the plaintiff commenced the instant foreclosure action, in which it alleged that the defendant's lien was subordinate to its lien. The defendant served an answer with counterclaims, seeking, in its third counterclaim, a judgment declaring that the plaintiff's mortgage was "void from its inception" and directing the Clerk of Nassau County to cancel the mortgage on the ground that the mortgage was made in violation of Banking Law § 590 (5) (a). The defendant moved, inter alia, for summary judgment on its third counterclaim, and the Supreme Court granted that branch of the defendant's motion.

Banking Law article 12-D, section 590, which, among other things, sets forth licensing requirements for mortgage brokers, prohibits mortgage brokers from making mortgage loans in this state (see Banking Law § 590 [5] [a]). In awarding the defendant summary judgment on its third counterclaim, the Supreme Court determined that Margulefsky was a mortgage broker at the time he made the mortgage loan to Joseph McGoldrick, and that, therefore, the plaintiff's mortgage was invalid. On this appeal, the plaintiff does not contest the Supreme Court's determination that violation of Banking Law § 590 (5) (a) renders its mortgage invalid. The plaintiff argues only that the defendant failed to establish its prima facie entitlement to judgment as a matter of law because there was a triable issue of fact as to whether Margulefsky was a mortgage broker at the time he made the loan. Thus, we have no occasion to review the Supreme Court's determination that violation of Banking Law § 590 (5) (a) renders a mortgage invalid.

Contrary to the plaintiff's contention, the defendant demonstrated, prima facie, that Margulefsky was a mortgage broker at the time he made the subject loan. The defendant proffered an affidavit from Margulefsky in which he averred that he was a licensed mortgage broker and described the services he performed for McGoldrick in 2005. Those services fell within the definition of " '[s]oliciting, processing, placing or negotiating a mortgage loan' " (Banking Law § 590 [1] [d]), which are acts to be performed by mortgage brokers (see Banking Law

§ 590 [2] [b]). Further, the defendant submitted McGoldrick's loan application to New Century, which listed the company Margulefsky was then affiliated with as the mortgage broker and Margulefsky as the individual who took the application. This evidence was sufficient to meet the defendant's prima facie burden of demonstrating that Margulefsky was a mortgage broker in 2005.

In opposition to that showing, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted a printout from an unknown source, of what appears to be a license/registration status history for Margulefsky pertaining to a Mortgage Loan Originators License (*see* Banking Law art 12-E). The printout, absent any foundation, was not in admissible form (*see HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998 [2010]). While hearsay may be considered in opposition to a motion for summary judgment, it is insufficient to raise a triable issue of fact where, as here, it is the only evidence upon which opposition to the motion was predicated (*see Broxmeyer v United Capital Corp.*, 79 AD3d 780 [2010]). Moreover, the document was not sufficient to raise a triable issue of fact as to Margulefsky's status in 2005 as a licensed mortgage broker, governed by Banking Law article 12-D.

In light of our determination, we need not reach the parties' remaining contentions.

Since the third counterclaim sought a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the subject mortgage is invalid and directing the County Clerk of Nassau County to cancel the mortgage (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.