Estrella v ZRHLE Holdings, LLC (2023 NY Slip Op 03848)

Estrella v ZRHLE Holdings, LLC

2023 NY Slip Op 03848

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05547
 (Index No. 711988/16)

[*1]Carlos Zuniga Estrella, appellant-respondent,
v
ZRHLE Holdings, LLC, respondent-appellant, et al., defendants.

Bader & Yakaitis, LLP, New York, NY (Darlene S. Miloski of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant ZRHLE Holdings, LLC, cross-appeals, from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated July 7, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant ZRHLE Holdings, LLC, and granted those branches of that defendant's motion which were for summary judgment dismissing those causes of action insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant ZRHLE Holdings, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant ZRHLE Holdings, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.
In 2015, the defendant ZRHLE Holdings, LLC (hereinafter the defendant), commenced a renovation project on the premises known as 1411 Lincoln Place, located in Brooklyn (hereinafter the subject premises), and retained nonparty J.D. Developers as general contractor. Prior to July 2016, the interior walls, bathrooms, ceilings, and the subfloors on the first two floors of the subject premises had been removed, and the basement had been excavated to make it four feet lower. In July 2016, a nonparty subcontractor was working on the "mid-foundation" of the subject premises, which involved excavating and pouring the foundation.
The plaintiff was employed as a laborer for J.D. Developers, performing various tasks, as needed, at multiple job sites, including the subject premises. On July 28, 2016, the plaintiff was assigned the task of removing damaged carpeting and flooring from a property adjacent to the subject premises, which allegedly had flooded as a result of renovations to the subject premises. When the plaintiff went inside the subject premises to get a tool, he fell through a temporary plywood floor, which consisted of several pieces of plywood placed on top of beams.
The plaintiff commenced this personal injury action against, among others, the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). After discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant. The defendant moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated July 7, 2020, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant, and granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. The court also denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The plaintiff appeals and the defendant cross-appeals.
The Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. "Labor Law § 200 is a codification of the common-law duty of landowners . . . to provide workers with a reasonable safe place to work. . . . Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (Hamm v Review Assoc., LLC, 202 AD3d 934, 938 [citations and internal quotation marks omitted]; see Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1131). Here, the defendant failed to establish, prima facie, that it did not create or have notice of the allegedly dangerous condition (see Toalongo v Almarwa Ctr., Inc., 202 AD3d at 1131; Paar v Sky Foods Mkt., Inc., 172 AD3d 1082, 1082). Accordingly, the court properly denied those branches of the defendant's motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Further, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, and properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendant. The plaintiff's Labor Law § 241(6) claims were predicated upon alleged violations of Industrial Code (12 NYCRR) §§ 23-3.3(k)(1)(i) and (l), which by their express terms apply only to demolition work. Here, since the plaintiff was not engaged in demolition work, defined as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure" (id. § 23-1.4[b][16]), these sections of the Industrial Code do not apply (see Turgeon v Vassar Coll., 172 AD3d 1134, 1135; Pol v City of New York, 126 AD3d 526; Solis v 32 Sixth Ave. Co. LLC, 38 AD3d 389; Baranello v Rudin Mgmt. Co., 13 AD3d 245).
However, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendant. "Labor Law § 240(1) protects workers from elevation-related hazards while they are involved in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Bonilla-Reyes v Ribellino, 169 AD3d 858, 860 [internal quotation marks omitted]). The intent of Labor Law § 240(1) "was to protect workers employed in the enumerated [*2]acts, even while performing duties ancillary to those acts" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882). The statute "is to be construed as liberally as may be for the accomplishment of [that] purpose" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [internal quotation marks omitted]). "[T]he question whether a particular [activity] falls within section 240(1) must be determined on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883).
Here, contrary to the Supreme Court's determination, the plaintiff established, prima facie, that he was at the subject premises, which was a construction site, in order to perform duties ancillary to the construction work, which was covered by Labor Law § 240(1) (see Prats v Port Auth. of N.Y. & N. J., 100 NY2d 878; Hagins v State of New York, 81 NY2d 921, 923; Lijo v City of New York, 31 AD3d 503; see also Bonilla-Reyes v Ribellino, 169 AD3d at 860). Further, the plaintiff established that he was exposed to an elevation-related risk for which no safety devices were provided, and that such failure was a proximate cause of his injuries (see Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439; Valensisi v Greens at Half Hollow, LLC, 33 AD3d 693, 695; Brandl v Ram Bldrs., Inc., 7 AD3d 655, 656; Campisi v Epos Contr. Corp., 299 AD2d 4, 8; Richardson v Matarese, 206 AD2d 353; Birbilis v Rapp, 205 AD2d 569, 570). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff was engaged in an enumerated activity, whether the plaintiff was recalcitrant in deliberately failing to use available safety devices, or whether his actions were the sole proximate cause of his injuries (see Hagins v State of New York, 81 NY2d at 923; Tabickman v Batchelder St. Condominiums By Bay, LLC, 52 AD3d 593; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653; Birbilis v Rapp, 205 AD2d at 570). There is no evidence that anyone instructed the plaintiff that he was not to enter the subject premises or that he was to obtain the tools he needed to work on the adjacent property from somewhere else (see Przyborowski v A & M Cook, LLC, 120 AD3d at 653). To the extent that the defendant contends that the plaintiff's uncertified hospital records raise a triable issue of fact as how the accident occurred, "[w]hile hearsay may be considered in opposition to a motion for summary judgment, it is insufficient to raise a triable issue of fact where, as here, it is the only evidence upon which opposition to the motion was predicated" (Alpha Invs., LLC v McGoldrick, 151 AD3d 800, 802; see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417; Yassin v Blackman, 188 AD3d 62, 67; Stock v Otis El. Co., 52 AD3d 816, 817).
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court