Beaton v Tomco Mech. Corp.
2026 NY Slip Op 03419
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Shelly Beaton, respondent,
v
Tomco Mechanical Corp., defendant, Tamco Mechanical, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-03619, (Index No. 525570/19)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Kevin P. Westerman, Garden City, NY (Stephen J. Donnelly of counsel), for appellant.
The Cochran Firm, New York, NY (Rudyard F. Whyte of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Tamco Mechanical, Inc., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 24, 2025. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Tamco Mechanical, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it is granted.
The plaintiff commenced this action against the defendant Tamco Mechanical, Inc. (hereinafter Tamco), and another defendant, to recover damages for personal injuries she allegedly sustained while working at Riker's Island. Tamco moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it. The plaintiff opposed the motion. In an order dated February 24, 2025, the Supreme Court, among other things, denied that branch of Tamco's motion. Tamco appeals.
Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1382; Ortega v Puccia, 57 AD3d 54, 61). "'Where a premises condition is at issue, [f]or liability to be imposed on the [defendant], there must be evidence showing that the [defendant] either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time'" (Impagliazzo v Judlau Contr., Inc., 241 AD3d 892, 893-894, quoting Walsh v Kenny, 219 AD3d 1555, 1557).
Here, Tamco established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it, as it demonstrated, prima facie, that the allegedly dangerous condition did not exist a week prior to the plaintiff's accident and that Tamco's employees performed no work at the premises in the interim between that time and the plaintiff's accident.
In opposition, the plaintiff failed to raise a triable issue of fact. The Supreme Court improvidently exercised its discretion in considering an affirmation of an alleged witness submitted by the plaintiff in opposition to the motion, as the plaintiff failed to disclose the witness to Tamco and failed to offer a valid excuse for that failure (see CPLR 3101[a]; Krehl v Siberio, 228 AD3d 852, 854; Gallway v Munintir, LLC, 142 AD3d 948, 949). The plaintiff's hearsay deposition testimony regarding when Tamco employees last worked at the premises failed to raise a triable issue of fact, as it was the only evidence upon which opposition to the motion was predicated (see Estrella v ZRHLE Holdings, LLC, 218 AD3d 640, 644; Alpha Invs., LLC v McColdrick, 151 AD3d 800, 802).
Accordingly, the Supreme Court should have granted that branch of Tamco's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court